2) Caption, civil cases






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
MARIO MUNOZ, Individually and d/b/a           )
COUNTRY CLUB BODY & PAINT WEST,    ) 
and COUNTY CLUB INVESTMENT, INC.,     )                  No. 08-04-00245-CV
)
                                    Appellants,                       )                             Appeal from
)
v.                                                                          )                  120th District Court
)
JULIO RIVERA,                                                 )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 2002-4818) 

O P I N I O N

            This is an appeal from a post-answer default judgment. At issue is whether the Appellants,
Defendants below, received notice of a trial setting. For the reasons that follow, we affirm.
FACTUAL SUMMARY
            On July 15, 2001, Julio Rivera was involved in an automobile accident. On July 17, he was
contacted by Appellants’ representative who was aware of the accident and knew that the other party
had been at fault. The representative offered to pick up Rivera’s vehicle and have it repaired. When
Rivera replied that he did not have the money to pay for the repairs, the representative explained that
Appellants would collect from the responsible party’s insurance carrier. The vehicle was repaired
but when the insurance claim was denied, Appellants sought full payment from Rivera. Rivera
refused to pay, claiming he had not authorized the repairs. When Appellants refused to return his
vehicle, Rivera filed suit for conversion of his 1994 Chevrolet Camaro.
            According to his petition, Rivera sought service on Defendant Mario Munoz at his place of
employment at 7230 N. Mesa Street in El Paso; on Defendant Country Club Body & Paint West by
serving Mario Munoz at the same Mesa Street address; and on Defendant Country Club Investment,
Inc. by serving its registered agent, Susan M. Saldivar at 2027 Magoffin Avenue in El Paso. The
clerk’s record reveals that Mario Munoz was served individually and as the owner of Country Club
Body & Paint West on October 14, 2003 at 490 N. Valley, Las Cruces, New Mexico. The returns
of service were duly filed with the district clerk on October 16. While there is no return of citation
upon Country Club Investment, Inc., all three defendants filed an original answer on November 17,
2003 signed by attorney Mark T. Davis. 
            On December 16, 2003, the Honorable Luis Aguilar, Judge of the 120th District Court, faxed
to Davis and Rivera’s attorney an order of setting. The cause was set for a final pretrial hearing on
May 5, 2004 and set upon the jury docket at 9 a.m. on May 14, 2004. On December 17, Davis faxed
the order to Rivera’s counsel. The cover letter bears the notation “cc: client.” That same date, Davis
tendered responses to Rivera’s request for disclosure. The address of both Country Club Body &
Paint West and Country Club Investment, Inc. was listed as 8500 Dyer in El Paso. Mario Munoz
is identified in the disclosure as an employee of Country Club Investment, Inc. 
            On March 11, 2004, Davis filed a motion to withdraw as counsel, alleging that he was unable
to effectively communicate with Appellants in a manner consistent with good attorney-client
relations. He specifically alleged that Appellants had failed to return telephone calls, failed to
provide documentation, and failed to pay fees as agreed. In the motion, Davis specified the
following settings and deadlines:
            1. March 22, 2004 -- discovery responses due
            2. May 5, 2004 at 9:30 a.m., final civil pretrial hearing
            3. May 14, 2004 9:00 a.m., jury trial
He certified that a copy of the motion was delivered to the last known address of Appellants: 8500
Dyer, Space 6, El Paso, Texas 79904. The motion was granted on March 26, 2004. Rivera and his
counsel appeared for trial on May 14. When Appellants did not appear, a default judgment was
entered against them. The trial court awarded Rivera $4,491 as the fair market value of his vehicle,
$21,625 for the loss of use of the vehicle, and $220 in court costs, together with 6 percent interest
per annum from July 17, 2001 until paid. Rivera’s attorney duly filed a certificate of last known
address listing the Dyer street address. He mailed a copy of the judgment to Munoz at the Dyer
address by certified mail, return receipt requested. The receipt is dated May 21, 2004 and is signed
by a recipient, but the signature is illegible. 
            Appellants filed a motion for new trial alleging that they had not received notice of the trial
setting nor of their attorney’s motion to withdraw. They claimed the address utilized was incorrect
although Davis had been notified of the new address. Attached to the motion is an affidavit by
Mario Munoz dated June 9, 2004. 
The address of 8500 Dyer, Space 6, El Paso, Texas 79904 (‘Previous Address’) was
no longer the address of the defendants beginning on or about Jan 1, 2004. After
vacating the Previous Address, Defendants notified our attorney, Mark T. Davis, of
the change of address to 490 N. Valley Las Cruces (‘New Address’). At no time did
any of the named defendants receive notice of his Motion to Withdrawal [sic] or
notices of any trial setting. 

He does not deny receipt of the judgment in his affidavit, nor does he contend that the signature on
the return receipt is not his. Since he did not personally appear at the hearing, his testimony is
limited to his affidavit. Judge Aguilar took judicial notice of the order of setting dated December
16, 2003 and the order granting the withdrawal of counsel. The order of setting is significant
because it is dated prior to Appellants’ change of address. 
            The remaining evidence presented at the hearing came from John Munoz, Mario’s brother, 
who is the president of Country Club Investment, Inc. He testified that in January 2004, he sold
Country Club Body & Paint. He did not identify the buyer. Prior to the sale, the company did
business at 8500 Dyer. When the company was sold, “they” moved to another location. John
arranged for mail to be forwarded. After the sale, he advised Davis of the move. He did not learn
of the judgment until Rivera showed up with a police officer to take possession of his car. He made
no inquiry as to whether “the place where you had the mail forwarded to” had received the judgment. 
He agreed that someone had signed for the return receipt but he didn’t know whom. He quipped that
“[I]t could have been the janitor,” but acknowledged that if he received letters intended for someone
else, he did not sign for them.
            Appellants bring forward one issue on appeal complaining that the trial court erred in denying
the motion for new trial. They first allege that the judgment must be reversed because they did not
receive notice of the trial setting, and alternatively, contend that they have met all of the Craddock
requirements.
STANDARD OF REVIEW
            A trial court’s decision on a motion for new trial is reviewed for an abuse of discretion. Cliff
v. Huggins, 724 S.W.2d 778, 778 (Tex. 1987); American Paging of Texas, Inc. v. El Paso Paging,
Inc., 9 S.W.3d 237, 239 (Tex.App.--El Paso,1999, pet. denied). To set aside a post-answer default
judgment, the defendant must demonstrate: (1) that failure to appear at trial was not intentional or
the result of conscious indifference, but was due to mistake or accident; (2) that there exists a
meritorious defense to the suit; and (3) that granting the motion will not delay or otherwise work an
injury to the plaintiff. Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126
(1939); American Paging of Texas, Inc., 9 S.W.3d at 240. A trial court abuses its discretion in
failing to grant a new trial if all three Craddock elements are met. Old Republic Ins. Co. v. Scott,
873 S.W.2d 381, 382 (Tex.1994); American Paging of Texas, Inc., 9 S.W.3d at 240. 
            If a defendant can establish it did not receive notice of the trial setting, it is entitled to a new
trial without having to show a meritorious defense. Lopez v. Lopez, 757 S.W.2d 721, 723 (Tex.
1988); see Peralta v. Heights Medical Center Inc., 485 U.S. 80, 85, 108 S.Ct. 896, 899, 99 L.Ed.2d
75 (1988). This familiar and fundamental principal has recently been reinforced by the Texas
Supreme Court. We begin with their most recent pronouncement.
PROVING THE NEGATIVE: NOTICE WAS NOT RECEIVED
            On June 17, 2005, the Supreme Court issued its opinion in Mathis v. Lockwood, 48
Tex.S.Ct.J. 895 (per curiam). Mathis and her children lived with Lockwood but when the parties
separated, Lockwood sought a declaratory judgment that no common law marriage existed. Mathis
apparently filed an answer. The case was set for trial on December 13, 2002 but Mathis did not
appear. Lockwood offered brief testimony and obtained a default judgment. Mathis, appearing pro
se, sought rehearing and alleged she had not received notice of the trial setting. Lockwood’s counsel
testified that notice was sent to Mathis’ last known address and to her former attorney. 
            In concluding that the trial court erred in denying a new trial, the court restated the
Craddock/Cliff elements, which we have already detailed. Id. at 895. It also emphasized the due
process concerns of Lopez/Peralta which dispense with the necessity of presenting a meritorious
defense. Id. The court then recognized some authority exists for the proposition that the third
element need not be established for the same constitutional reasons. At issue, then, was whether
Mathis established that she had failed to appear for trial because she did not receive notice. Id.
            The court began its analysis by rejecting the blanket presumption of proper notice. “It is
true that notice properly sent pursuant to Rule 21a raises a presumption that notice was received. 
. . . But we cannot presume that notice was properly sent; when that is challenged, it must be proved
according to the rule.” Id. at 896. When an attorney of record serves the notice, a certificate of
compliance with the rule is required and it shall constitute prima facie evidence of service. Id. The
record there contained no certificate of service, no certified return receipt, and no affidavit. The only
evidence of service was the oral assurance of Lockwood’s attorney. Because none of the
prerequisites of prima facie proof were met, no presumption of receipt could be applied. Id. 
Counsel’s testimony that he sent notice did not contradict Mathis’ testimony that notice was not
received. Id. Notice to her former attorney was no longer notice to Mathis once the attorney
withdrew. Id. And notice sent to her last known address meant that notice was sent to Lockwood
himself. Finding a due process violation, the court reversed and remanded the case for a new trial.
            Accepting and applying these principles, we conclude the following. Judge Aguilar sent
notice of the trial setting to Appellants’ attorney on December 16, 2003. A broadcast report
generated at 11:23 a.m. indicates that the notice was faxed to 629-9691 at 11:21 a.m. and that the
transmission was successful. Law office letterhead appearing in the record indicates the fax number
for Mark Davis is 629-9691. On December 17, 2003, Davis faxed the judge’s order and a cover
letter to Rivera’s counsel. A copy was transmitted to his clients, the Appellants. Also on December
17, counsel tendered disclosure responses which listed the address for Country Club Body & Paint
West and Country Club Investment, Inc. as 8500 Dyer. All of this occurred before the business was
sold and before Davis withdrew from representation. The motion to withdraw, filed on March 11,
2004, re-stated the trial date and listed the Appellants’ address as 8500 Dyer. A proper certificate
of service appears. One of the reasons Davis withdrew was the difficulty he had communicating
with his clients. Rivera’s attorney sent a copy of the judgment to the Dyer address and the delivery
receipt was signed and returned. John Munoz testified he didn’t sign for it. Mario Munoz didn’t
deny signing it. Mario is listed in the record as the owner of Country Club Body & Paint, but John
claimed he sold it as an asset of Country Club Investment, Inc. Mario doesn’t even mention that the
business was sold. He simply avers that the Defendants relocated, meaning that he, Country Club
Body & Paint, and Country Club Investment, Inc. were all doing business at 490 N. Valley in Las
Cruces. And this “new address” was not entirely new inasmuch as Mario was served at the same
address nearly three months earlier. John may have sold the business, but either Mario bought it or
he was still running it. Appellants have not established they did not receive notice. Indeed, the
record establishes that notice was sent and notice was received. We next consider the alternative
argument that Appellants’ failure to attend the trial was not intentional.
INTENTIONAL DISREGARD OR CONSCIOUS INDIFFERENCE?
            Appellants bears the burden of proof to show that the failure to appear at trial was not the
result of conscious indifference. Liberty Mut. Fire Ins. Co. v. Ybarra, 751 S.W.2d 615, 618
(Tex.App.--El Paso1988, no writ). In determining whether their failure to appear was due to
intentional disregard or conscious indifference, we must look to their knowledge and conduct. 
Director, State Employees Workers’ Compensation Div. v. Evans, 889 S.W.2d 266, 269 (Tex. 1994);
Strackbein v. Prewitt, 671 S.W.2d 37, 39 (Tex. 1984). Conscious indifference has been defined as
failing to take some action which would seem obvious to a person of reasonable sensibilities under
the same circumstances. Id.; Johnson v. Edmonds, 712 S.W.2d 651 (Tex.App.--Fort Worth 1986,
no writ). If the factual assertions in a defendant’s affidavit are not controverted by the plaintiff, the
defendant satisfies his burden if his affidavit sets forth facts that, if true, negate intentional or
consciously indifferent conduct by the defendant. Evans, 889 S.W.2d at 269; Strackbein, 671
S.W.2d at 38-39. In determining if the defendant’s factual assertions are controverted, the court looks
to all the evidence in the record. Evans, 889 S.W.2d at 269. Having fully detailed the evidence
before the court, we find no fault with Judge Aguilar’s ruling. It would seem obvious to a person
of reasonable sensibilities under the same circumstances that some action needed to be taken. 
Because Appellants have not established that their failure to appear was not due to intentional
disregard or conscious indifference, they have not met the first prong of the Craddock analysis. We
need not address whether they had a meritorious defense. Finding no abuse of discretion, we
overrule the sole issue for review. 
DAMAGE AWARD
            Although it is not framed as an issue for review, Appellants ask us in passim to overturn the
damage award. The entirety of the argument follows:
Additionally, relating to damages awarded by the Court, appellants argue that the
damages awarded by the trial court were excessive. Appellee was awarded
$21,625.00 for loss of use of his vehicle in addition to being awarded $4,491.00 for
the fair market value to his 1994 Chevrolet Camaro.
 
FN[1] Subsequent to the Default Judgment, appellee was able to
retrieve his vehicle by way of writ. Again, this is when the appellants
learned of the judgment against them.


PRAYER

. . .
 
In alternative, appellants ask the Court to modify the judgment and delete the
damages pertaining to both loss of use and market value of the automobile at issue.

Because Appellants do not provide any legal analysis or authority supporting their argument, it is
waived. See Tex.R.App.P. 38.1(h)(brief must contain clear and concise argument for contentions
made, with appropriate citations to authorities and to the record); City of Midland v. Sullivan, 33
S.W.3d 1, 10 n.6 (Tex.App.--El Paso 2000, pet. dism’d w.o.j.)(appellant failed to brief complaint
and thus waived appellate review of issue). 
            The judgment of the trial court is affirmed.


August 18, 2005                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.