COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JESUS DIAZ DE LEON d/b/a PAYLESS BAIL BONDS, | § | No. 08-06-00181-CV |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| v. | § | 210th Judicial District Court |
| | § | |
| | § | of El Paso County, Texas |
| OLIE S. ROBINSON, | § | (TC# 2005-5938) |
| Appellee. | § | |

**O P I N I O N**

This is an appeal from the denial of a motion for new trial after the entry of a default

judgment in a suit for declaratory relief to recover title to a home that collateralized a bail bond.

Appellant raises four issues on appeal: (1) the trial court abused its discretion in denying the

motion for new trial; (2) erred in granting the default judgment; (3) defendant was entitled to

notice of the jury request waiver; and (4) it was error to strike his pleadings. We reverse.

Mr. Robinson was asked by his daughter, Kimberly, to help post a bail bond for a friend.

On September 15, 2003, Mr. Robinson went to the office of Payless Bail Bonds, and to obtain

the bond signed a non-homestead affidavit and designation homestead document, a quitclaim

deed, a warranty deed, and a deed of trust for his home at 8739 O'Ryan El Paso, Texas. In

November 2003, Mr. Diaz de Leon, owner of Payless Bail Bonds, succeeded in evicting

Mr. Robinson from the home.

Mr. Robinson brought suit seeking to have the transaction cancelled, declare the deeds he

signed void, and recover damages he suffered as a result of the eviction. The case was set for

trial on May 26, 2006, and attorney Miguel J. Cervantes was to conduct the voir dire for Jeff D. Rago, attorney for Appellant, who was out of town. Prior to the hearing, Mr. Cervantes notified the trial court that he would need to be excused for another hearing he had at 9:30 a.m., and requested that he be allowed to proceed with the voir dire after his return. Before leaving, Mr. Cervantes had a discussion with the court about a death penalty sanction if he were to leave. Mr. Cervantes objected to the imposition of the sanction since he was present and ready for voir dire, but was requesting some time to take care of the other hearing. The trial court allowed Mr. Cervantes to leave, and stated he would decide later what was to happen.

At 9:45 a.m., the trial court proceeded with docket call and asked for announcements. The court stated on the record that he was informed by Mr. Cervantes that the defendant and his attorney would not be present, they had requested the assistance of Mr. Cervantes, and Mr. Cervantes represented to the court that he had not spoken with the defendant or any representative from Payless Bail Bonds to see if they acquiesced to his representation in place of Mr. Rago. The court proceeded to state that Mr. Cervantes is not present and does not want to make an appearance without speaking to the defendant or the bail bond company first. The judge then asked the attorney for the plaintiff if he still required a jury trial and whether he was withdrawing his jury trial request. Counsel responded that he no longer required a jury, and was withdrawing his request for a jury. The case was called for trial, and the plaintiff put on his case.

In the judgment, the court found that the defendant had notice of the setting for final trial by jury and neither the attorney of record nor defendant appeared. The judgment awarded damages for lost rental value and lost personal property along with attorney's fees. The trial court also held that the defendant was to vacate the premises, and has no interest in the real

property made the basis of the lawsuit and all instruments reflecting any interest are void. Defendant's pleadings were struck for failure to appear and all counterclaims were denied. Defendant filed an unopposed motion for new trial, which was denied. At the hearing on the motion for new trial, Mr. Robinson asked for his attorney to be withdrawn from the case, and agreed to the granting of a new trial.

In Issue One, Appellant argues the trial court abused its discretion in denying the motion for new trial. We review the denial of a motion for new trial under an abuse of discretion standard. *Munoz v. Rivera*, 225 S.W.3d 23, 26 (Tex.App.--El Paso 2005, no pet.). To set aside a post-answer default judgment, the defendant must show: (1) that failure to appear at trial was not intentional or the result of conscious indifference, but was due to mistake or accident; (2) that there exists a meritorious defense to the suit; and (3) that granting the motion will not delay or otherwise work an injury to the plaintiff. *Id.*, *citing Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). A trial court abuses its discretion in failing to grant a new trial if all three *Craddock* elements are met. *Munoz*, 225 S.W.3d at 26, *citing Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994). In determining whether there is intentional disregard or conscious indifference, the trial court examines the knowledge and acts of the parties who failed to appear. *In re K.A.R.*, 171 S.W.3d 705, 717 (Tex.App.--Houston [14th Dist.] 2005, no pet.). A failure to appear is not intentional or due to conscious indifference merely because it was deliberate; rather, it must also be without justification. *K.A.R.*, 171 S.W.3d at 717. Proof of such justification, accident, mistake, or other reasonable explanation negates intent or conscious indifference. *Id*. If the factual assertions in a defendant's affidavit are not controverted by the plaintiff, the defendant satisfies his burden if his affidavit sets forth facts that, if true, negate

intentional or consciously indifferent conduct by the defendant. *Munoz v. Rivera*, 225 S.W.3d 23, 28 (Tex.App.--El Paso 2005, no pet.), *citing Director, State Employees Workers' Compensation Div. v. Evans*, 889 S.W.2d 266, 269 (Tex. 1994). In determining if the defendant's factual assertions are controverted, the court looks to all the evidence in the record. *Id*.

There is no contravention of the factual assertions in defendant's affidavit by the plaintiff who was not opposed to the motion, nor are they controverted anywhere else in the record. Mr. Rago was not present because he was out of town at another hearing. By itself, having a schedule conflict is not sufficient to show that a failure to appear was not due to conscious indifference. *See Vickery v. Texas Carpet Co., Inc.*, 792 S.W.2d 759, 761 (Tex.App.--Houston [14th Dist.] 1990, writ denied). Mr. Rago did moreover provide a reasonable explanation. He was not present due to the other hearing, but he had sent Mr. Cervantes to substitute. Mr. Cervantes was present for the hearing, and only left after the trial court excused him. In *Vickery*, no attorney appeared for the hearing, and a motion for continuance that had been filed was not presented to the trial court. *Vickery*, 792 S.W.2d at 761-62. Here, an attorney was present on behalf of the defendant, and while he did leave before the hearing, he did so with at least the court's acquiescence. This reasonable explanation for having no one present when the case was called for trial negates intent and conscious indifference. *K.A.R.*, 171 S.W.3d at 717.

The second prong of the *Craddock* test requires the defendant to set up a meritorious defense. *Munoz*, 225 S.W.3d at 26. A meritorious defense has been set up so as to meet the second *Craddock* prong if the facts alleged in the movant's motion and supporting affidavits set forth facts which in law constitute a meritorious defense, regardless of whether those facts are

-4-

controverted. *Evans*, 889 S.W.2d at 270. The defendant alleges that there does exist a meritorious defense to the suit. The defendant provided sworn discovery that the plaintiff stated he had never filed any homestead exemption, there is a deed of trust stating that the property is not his homestead, he produced no documentation of homestead, and no homestead is evident. This defense if proved would cause a different result if the case were to be tried again. *Craddock*, 133 S.W.2d at 126.

The final prong of the *Craddock* test requires there be no harm or delay to the plaintiff. *Munoz*, 225 S.W.3d at 26. If a defendant alleges that granting a new trial will not injure the plaintiff, the burden then shifts to the plaintiff to present proof of injury. *Evans*, 889 S.W.2d at 270. In this case, the defendant alleges that there would be no harm or delay to the plaintiff since Mr. Robinson wanted a new trial as well, and agreed to the motion. Mr. Robinson is again in possession of the property that is the subject of the suit, and the defendant is ready, willing, and able to proceed to trial. Mr. Robinson did not allege any injury from the granting of the motion. Defendant satisfied the three prongs of the *Craddock* test, and as such, it was an abuse of the trial court's discretion to deny the motion for new trial. *Munoz*, 225 S.W.3d at 26. We sustain Appellant's Issue One, and find no reason to consider Appellant's other issues. TEX.R.APP.P. 47.1.

Having sustained Appellant's Issue One, we reverse the judgment of the trial court and remand for a trial on the merits.

September 25, 2008

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.

-5-