COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| SYLVIA RIVAS, | | No. 08-08-00352-CV |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 65th District Court |
| | § | |
| JUAN RIVAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 2002CM2706) |
| | § | |

## O P I N I O N

This is an appeal from a post-answer default in a marital dissolution proceeding. Sylvia Rivas brings seven points of error challenging the default decree of divorce. We have not been favored with briefing by her husband, Juan Rivas. Finding procedural error, we reverse and remand for trial.

## FACTUAL SUMMARY

The marriage between the parties endured for twenty-two years and the divorce litigation churned for a torturous six years. Sylvia filed suit for divorce on April 30, 2002. At some point, Juan also filed for divorce and the actions were consolidated in Cause No. 2002CM2706. The record reveals that Sylvia was represented by four different attorneys and that the case was set and reset on multiple occasions.

The clerk's record includes a January 8, 2008 "Order Resetting Final Hearing and Pretrial Conference." The pretrial conference was set for May 9, 2008 and the final hearing was scheduled for June 11, 2008. On May 6, 2008, Sylvia filed a *pro se* motion for continuance alleging she had been unable to hire legal counsel despite consultation with eight attorneys. The very next document

in the clerk's record is another "Order Resetting Final Hearing and Pretrial Conference" in exactly the same format as the prior order. It is referenced within the docket sheet as well. This order, signed by Judge Alfredo Chavez on May 19, 2008, set the pretrial hearing for January 30, 2009 and a jury trial on the merits for March 2, 2009. A facsimile transmission verification report established that Juan's attorney received the reset order on May 19, 2008 at 10:41a.m. Juan and his attorney appeared in court on June 11; Sylvia did not. The record reflects the following discussion between Judge Chavez and William McGlashan, the attorney for Juan:

> THE COURT: We were previously here on what date Mr. McGlashan?
>
> MR. McGLASHAN: It was May 9, Your Honor. We were before this court for a pretrial conference. Ms. Rivas appeared late, I believe, that day. I was here. We approached the bench. She had filed a motion to continue I guess and not sent me a copy, but dropped one off with the Court. And then I haven't seen her since. Nor was a motion ever set for a continuance.
>
> THE COURT: Refresh my memory as to my admonishments to her.
>
> MR. McGLASHAN: Judge, this case has been going on since 2002. Ms. Rivas has gone through four layers, maybe five. And she was asking for a continuance because she couldn't find counsel. And Your Honor was admonishing her to set it for a hearing and we would have that hearing. Otherwise, we are proceeding today.
>
> THE COURT: Put your case on.

Neither the judge nor counsel referenced the order resetting the case for a jury trial in March 2009. Juan offered very brief testimony and the court granted a default judgment for divorce. We perceive this to be a mistake rather than intentional. But nevertheless, Sylvia relied to her detriment on a court order signed by Judge Chavez resetting the trial.

Sylvia filed a motion for new trial and was represented at that hearing by attorney Patrick Bramblett. David Biagas, appearing on behalf of Juan, advised the court that "there is a problem, Judge, that we didn't receive notice of the resetting or notice of the jury trial, which is why we are

proceeding or Mr. McGlashan proceeded to get the default divorce in June." Bramblett tendered to the court a copy of the reset order and the facsimile verification. Judge Chavez ruled:

> What I'm going to do is I'm going to look at the procedural history that's on the computer, try to reconcile with what you have presented today. I may even employ the services of my court reporter. Because everything we did was on the record. And if I'm wrong, then I'll grant your motion. But if I'm correct, then I'll have to deny it.

By letter dated December 2, 2008, Judge Chavez advised the parties of his ruling:

> Having reviewed the court docket and the court reporter's record, the court finds the following.
>
> On January 8, 2008, the matter was set for a pre-trial on May 9, 2008 and final hearing on June 11, 2008.
>
> At a May 9, 2008 pre-trial conference, Ms. Rivas appeared and filed a motion for continuance. She was admonished by the court to set it for a hearing, otherwise we would proceed on June 11, 2008 with the final hearing.
>
> On June 11, 2008, Ms. Rivas did not appear. Hearing was held and divorce was granted.

Motion for new trial is denied. This letter does not explain the written reset order, nor the entry on the court's docket sheet.

In her first three points of error, Sylvia complains that the default hearing denied her due process of law, that the trial court erred in denying her motion for new trial, and that the denial of her motion constitutes an abuse of discretion. In Points of Error Four through Seven, she challenges the sufficiency of the evidence to support the characterization and division of property, and the sufficiency of the evidence regarding conservatorship of a child.

## PROCEDURAL ERROR

For purposes of our analysis, we will consider the first three issues together as a complaint of procedural error. Citing Rule 245, Sylvia argues that a trial court may set a contested case on its

own motion and may reset a contested case to a later date on any reasonable notice to the parties. TEX.R.CIV.P. 245. But once a case has been set, she continues, a reversion to an earlier hearing date deprives a litigant of the constitutional right to attend, to proffer evidence, to make objections, and to contest the issues.

### Standard of Review

A trial court's decision on a motion for new trial is reviewed for an abuse of discretion. *Munoz v. Rivera*, 225 S.W.3d 23, 26 (Tex.App.--El Paso 2005, no pet.), *citing Cliff v. Huggins,* 724 S.W.2d 778, 778 (Tex. 1987); *American Paging of Texas, Inc. v. El Paso Paging, Inc.,* 9 S.W.3d 237, 239 (Tex.App.--El Paso,1999, pet. denied). A trial court must set aside a default judgment when the movant satisfies the requirements articulated in *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124 (1939). *Director, State Employees Workers' Compensation Division v. Evans,* 889 S.W.2d 266, 268 (Tex. 1994); *Texas Sting, Ltd., v. R.B. Foods, Inc.,* 82 S.W.3d 644, 650 (Tex.App.--San Antonio 2002, pet. denied). *Craddock* has been applied to post-answer defaults in which a defendant fails to appear for trial. *Ivy v. Carrell,* 407 S.W.2d 212, 213 (Tex. 1966). Sylvia must demonstrate that: (1) her failure to appear was not intentional or the result of conscious indifference; (2) she has a meritorious defense; and (3) the granting of a new trial will not operate to cause delay or injury. *Evans,* 889 S.W.2d at 268. Where the *Craddock* elements are satisfied, it is an abuse of discretion for the trial court to deny a motion for new trial. *Evans,* 889 S.W.2d at 268; *Texas Sting, Ltd.,* 82 S.W.3d at 650.

### Conscious Indifference

Sylvia bears the burden of proof to show that her failure to appear at trial was not the result of conscious indifference. *Munoz*, 225 S.W.3d at 28; *Liberty Mut. Fire Ins. Co. v. Ybarra,* 751 S.W.2d 615, 618 (Tex.App.--El Paso 1988, no writ). In determining whether her failure to appear

was due to intentional disregard or conscious indifference, we must look to her knowledge and conduct. *Evans,* 889 S.W.2d at 269; *Strackbein v. Prewitt,* 671 S.W.2d 37, 39 (Tex. 1984). Conscious indifference has been defined as failing to take some action which would seem obvious to a person of reasonable sensibilities under the same circumstances. *Id.; Johnson v. Edmonds,* 712 S.W.2d 651, 652 (Tex.App.--Fort Worth 1986, no writ). If the factual assertions in a movant's affidavit are not controverted, the movant satisfies her burden if her affidavit sets forth facts that, if true, negate intentional or consciously indifferent conduct. *Evans,* 889 S.W.2d at 269; *Strackbein,* 671 S.W.2d at 38-39. In determining if the factual assertions are controverted, the court looks to all the evidence in the record. *Evans,* 889 S.W.2d at 269.

In her affidavit, Sylvia averred that she was not notified of the June 11 hearing; that she was given an order resetting the final hearing for a jury trial on March 2, 2009; and that she had not been notified of any other trial date. Juan was represented by McGlashan at trial and by Biagas at the hearing on the motion for new trial. Biagas asserted that McGlashan had no notice of the postponement:

> And I believe, Judge, that what the years, ten years I've known Mr. Ortega and Mr. McGlashan, that they would not have proceeding [sic] to default if they had noticed [sic] that the case was reset. They relied on this notice that you sent out, Judge.

This statement does not controvert Sylvia's affidavit. Admission of evidence showing a telephonic document transfer to the recipient's current telecopier number gives rise to a presumption that notice was duly received by the addressee. *Cf. Thomas v. Ray,* 889 S.W.2d 237, 238 (Tex. 1994) (construing TEX.R.CIV.P. 21a); *accord Cliff,* 724 S.W.2d at 780. In the absence of any proof to the contrary, the presumption has the force of a rule of law. *Thomas,* 889 S.W.2d at 238. No proof was offered to establish that Ortega and McGlashan did not receive the reset order. Given the status of

the record and the facsimile verification of transmission to their office, we must hold that McGlashan had notice that the trial date had been postponed. We must likewise conclude that Sylvia had no notice that the postponement order had ben sent in error, set aside, vacated, or in any other manner revoked such that the June 11 trial date had been resuscitated. In this peculiar posture, we agree with her argument that she in effect had no notice of the June 11 setting. When a party receives *no* notice of a trial setting, she satisfies the first prong of *Craddock* and need not meet the remaining two. *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988); *Texas Sting, Ltd.,* 82 S.W.3d at 650. To require otherwise would violate her federal due process rights under the Fourteenth Amendment. *Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988). We sustain Points of Error One, Two, and Three. Our disposition renders it unnecessary that we consider her substantive evidentiary challenges. We reverse and remand for trial on the merits.

April 7, 2010

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.