**Reverse and Remand and Opinion Filed June 27, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00491-CV

### MULATU YILMA, Appellant
### V.
### SHIMELES TAMENE, Appellee

**On Appeal from the County Court at Law No. 4**
**Collin County, Texas**
**Trial Court Cause No. 004-00183-2017**

## MEMORANDUM OPINION
Before Justices Francis, Brown, and Stoddart
Opinion by Justice Francis

Mulatu Yilma appeals a county court at law order dismissing his appeal for want of jurisdiction. In two issues, Yilma contends the county court erred because the evidence did not support the court's finding that he failed to properly perfect his appeal. We reverse the county court's order of dismissal and remand the cause for further proceedings.

The record in this case and unchallenged findings of fact show that Shimeles Tamene filed suit against Yilma in justice court in Collin County seeking monetary damages based on an insurance coverage dispute. Both parties represented themselves pro se. The justice court rendered judgment against Yilma in the amount of $4,117.26. The judgment was signed on October 3, 2016 and provided Yilma twenty-one days to satisfy the judgment or appeal the ruling to the county court at law.

On October 24, 2016, Yilma filed his notice of appeal and appeal bond. The justice court file contains a copy of a letter addressed to Yilma from the county clerk dated November 1, 2016, stating his appeal had been received. The letter further states that, under rule 143a of the Texas Rules of Civil Procedure, Yilma was required to pay $307 in filing and processing fees within twenty days or his appeal would be returned to the justice court. The letter was addressed to a Plano, Texas address Yilma provided in his original answer.

The justice court file also contains a copy of a letter from the county clerk to Yilma dated November 30, 2016. This letter states the time for payment of the filing fees had passed and the case was being returned to the justice court to proceed as though no appeal had been attempted. The letter again uses the Plano address. Yilma asserts he did not receive either of these letters and that he orally informed the justice court at the time he filed his notice of appeal his home address had changed.

A handwritten note showing a new address for Yilma in Allen, Texas was marked filed in the justice court on January 3, 2017. Although no new notice of appeal or appeal bond appears in the record, the justice court's "Register of Actions" shows that, on January 9, the October 3 judgment was again appealed to the county court at law. The record contains a letter from the county clerk to Yilma dated January 11, 2017, stating again that he was required to pay $307 within twenty days or his appeal would be returned. Unlike the November 1 letter, this notice was addressed to Yilma's Allen address and is accompanied by a receipt showing it was sent by certified mail.

Yilma paid the required fees on January 24 and counsel for Yilma first appeared on February 15. The appeal was set for de novo review and trial before the court on February 23. An oral motion for continuance was granted and trial was reset for April 6.

On April 4, Tamene, who was now also represented by counsel, filed a motion to dismiss the appeal for lack of jurisdiction. The motion was heard two days later during the April 6 trial setting. Tamene argued the appeal was untimely because Yilma failed to pay the required fees within twenty days of the November notice letter. Tamene submitted as evidence a copy of the justice court's judgment, a copy of the November 30 letter stating the original appeal was returned to the justice court, and printouts of the "Register of Actions" for both the justice and county courts.

Yilma responded to the motion stating his appeal was timely because he did not receive a notice to pay fees until January 2017 and he paid the amount requested within twenty days of the date of the notice. Yilma submitted an affidavit saying he never received any letters from the county clerk before the January 11 notice letter and the Plano address was not his "address of service."

The county court granted Tamene's motion to dismiss the same day. In its findings of fact and conclusions of law, the court stated Yilma failed to provide physical evidence that he submitted a change of address to the justice court before January 3, 2017, and "a search of the Texas Secretary of State website for [Yilma's] company lists the President of the company at the address [Yilma] originally supplied the Justice Court." In addition, although the issue was not raised in Tamene's motion to dismiss, the county court concluded the amount of the bond Yilma filed was insufficient to perfect his appeal because it did not equal twice the amount of the judgment.

Yilma filed a motion for new trial arguing Tamene provided no evidence the November 1 notice letter was ever mailed or that Yilma had actual notice. Yilma also submitted what he claimed was a "screen capture of the Justice of Peace Court clerk's system" purportedly showing Yilma's address was updated to the new Allen address on October 24, 2016. With respect to the sufficiency of his bond, Yilma argued the county court erred in dismissing his case without allowing him to present argument on the issue or an opportunity to cure. Yilma further contended

the bond was sufficient and had been approved by the justice court. The county court denied the motion for new trial and Yilma brought this appeal.

In his first issue, Yilma contends the trial court erred in dismissing his appeal because Tamene presented no affirmative evidence the November notice letter was ever mailed to him to contradict his testimony that he never received it. We recognize there is a split of authority on whether a de novo standard of review or an abuse of discretion standard applies to our review of a dismissal order under rule 143a. *See Pichini v. Fed. Nat'l Mortg. Ass'n*, No. 01-17-00519-CV, 2018 WL 2246269, at *1 (Tex. App.—Houston [1st Dist.] May 17, 2018, no pet. h.) (de novo); *Martin v. Fed. Nat'l Mortg. Ass'n*, No. 04-15-00233-CV, 2016 WL 1588517, at *2 (Tex. App.— San Antonio April 10, 2016, no pet.) (mem. op.) (de novo); *Morin v. Boecker*, 122 S.W.3d 911, 913 (Tex. App.—Corpus Christi 2003, no pet.) (abuse of discretion). The result here is the same regardless of which standard is applied.

To perfect an appeal to a county court from justice court, an appellant must (1) file an appeal bond, cash deposit in lieu of bond, or a sworn affidavit of inability to pay, and (2) pay to the county clerk, within twenty days of being notified by the clerk to do so, the costs of appeal. *See* TEX. R. CIV. P. 143a, 506.1; *Pichini*, 2018 WL 2246269, at *2. Compliance with both requirements is jurisdictional. *See Pichini*, 2018 WL 2246269, at *2. But where the appellant testifies he did not receive the clerk's notice to pay costs, and the record does not establish notice by the clerk was sent in compliance with Texas Rule of Civil Procedure 21a, it is error to dismiss the appeal for failure to comply with the second requirement. *See Martin*, 2016 WL 1588517, at *3; *Morin*, 122 S.W.3d at 916.

Although notice properly sent under rule 21a raises a presumption the notice was received, we cannot presume that notice was properly sent. *See Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005). When a party asserts notice was not sent, service must be proved according to the

–4–

rule. *Id*. Proof of service under rule 21a may be done through a certificate of service signed by a party or an attorney of record, an officer's return, or the affidavit of any other person showing service of notice. TEX. R. CIV. P. 21a(e). Absent one of these forms of proof, no presumption arises that notice was received. *See Mathis*, 166 S.W.3d at 745.

In this case, Yilma challenged whether the November notice letter was sent to him and Tamene provided no evidence that it was. The record shows only that a copy of the letter was received by the justice court and was contained in its file. Evidence the letter was received by others is not proof of service on Yilma under rule 21a. *See Ashworth v. Broska*, 274 S.W.3d 324, 330 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Tamene could have obtained – but did not – testimony from the county clerk, or some other witness with knowledge, to prove the notice was mailed to Yilma or to speak to the procedures for mailing 143a notices. *Id*. Although the fact the justice court received a copy of the notice may suggest Yilma's notice was also mailed, it equally supports the inference it was not. *Id*. at 331. Because none of the prerequisites of prima facie proof under rule 21a were met, no presumption of receipt could be applied and there was no evidence to contradict Yilma's testimony that he did not receive the November notice letter. *See Munoz v. Rivera*, 225 S.W.3d 23, 27 (Tex. App.—El Paso 2005, no pet.). Even if the county court judge did not believe Yilma's testimony, affirmative evidence service occurred would still be lacking. *See Mathis*, 166 S.W.3d at 745.

The county court relied heavily on the fact the record appeared to show the Plano address listed in the November notice letter was a valid address for Yilma at that time. Without any proof under rule 21a that the notice letter was sent, however, the issue of whether the letter listed a valid address for Yilma is irrelevant.

The record contains no affirmative evidence to show Yilma received actual or constructive notice to pay appellate costs before the January 11 notice letter. Yilma paid the required costs

within twenty days of the date of that letter. Accordingly, we conclude the county court erred in granting Tamene's motion to dismiss for want of jurisdiction on the ground that it was untimely. *See Martin*, 2016 WL 1588517, at \*3; *Morin*, 122 S.W.3d at 916. We resolve Yilma's first issue in his favor.

In his second issue, Yilma contends the trial court erred in concluding the amount of his bond was insufficient to perfect his appeal. Under rule 506.1, a defendant must file a bond in an amount equal to twice the amount of the judgment. *See* Tex. R. Civ. P. 506.1(b). When determining the bond amount, only the damages awarded in the judgment are included in the calculation. *See Laird v. Benton*, 470 S.W.3d 572, 577 (Tex. App.—Houston [1st Dist.] 2015, no pet.). In this case, the justice court judgment awarded Tamene $4,021.26 in damages. Yilma posted a bond in the amount of $8,042.52 – exactly twice the amount of the damages. The bond was, therefore, sufficient to perfect the appeal. Even if the bond had been deficient, Yilma would have been entitled to notice and the opportunity to cure the defect before having his appeal dismissed. *See* Tex. R. Civ. P. 506.1(g). We resolve Yilma's second issue in his favor.

Based on the foregoing, we reverse the trial court's order of dismissal and remand the cause to the county court for further proceedings.

/Molly Francis/
_____
MOLLY FRANCIS
JUSTICE

170491F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MULATU YILMA, Appellant

No. 05-17-00491-CV      V.

SHIMELES TAMENE, Appellee

On Appeal from the County Court at Law
No. 4, Collin County, Texas
Trial Court Cause No. 004-00183-2017.
Opinion delivered by Justice Francis.
Justices Brown and Stoddart participating.

In accordance with this Court's opinion of this date, the order of the trial court dismissing appellant MULATU YILMA'S appeal is **REVERSED** and this cause is **REMANDED** for further proceedings consistent with this opinion.

It is **ORDERED** that appellant MULATU YILMA recover his costs of this appeal from appellee SHIMELES TAMENE.

Judgment entered June 27, 2018.