**Affirmed and Memorandum Opinion filed April 20, 2021.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00411-CV

## CELINE REALINI AND BERTHOLET RENELIQUE, Appellants

## V.

## RODOLFO  GALLARDO AND GENOVEVA GALLARDO, Appellees

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Cause No. 1101640**

## MEMORANDUM  OPINION

Celine Realini and Bertholet Renelique appeal the trial court's overruling of their motion to set aside a post-answer default judgment that awarded their former landlords damages, interest, costs, and attorney's fees for breach of a residential lease.  In two issues, they contend that they satisfied the *Craddock*[1] requirements for setting aside the default judgment and that the trial court erred by preventing them from presenting evidence and argument at a hearing to set aside the

---

[1] *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939).

judgment. We affirm the trial court's judgment.

## I. Appellants Did Not Show a Lack of Conscious Indifference

In their first issue, appellants contend that the trial court abused its discretion under *Craddock* by refusing to set aside the default judgment because they were precluded from attending trial due to Renelique's routine medical appointment.

We review the trial court's refusal to set aside a default judgment and grant a new trial for an abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009). A default judgment should be set aside if a defaulting party establishes that (1) the failure to appear was not intentional or the result of conscious indifference, but was the result of an accident or mistake; (2) the motion for new trial sets up a meritorious defense; and (3) granting the motion will occasion no delay or otherwise injure the plaintiff. *See id.* at 925 (citing *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939)). Under the first prong, "conscious indifference" means the failure to take some action that would seem indicated to a person of reasonable sensibilities under the same circumstances. *Aldous v. Bruss*, 405 S.W.3d 847, 861 (Tex. App.—Houston [14th Dist.] 2013, no pet.). We consider the defaulting party's knowledge and acts to determine whether their failure to appear was the result of conscious indifference. *Id.* at 860.

Appellants attached a notarized statement to their motion to set aside the default judgment. In the statement, Renelique acknowledged that the trial was scheduled for March 11, 2019, but that on the same day, he "was scheduled for a pre operation interview at the VA Orthopedic Hospital in Long beach California for a hip replacement." He alleged, "I attempted to reschedule this appointment but unfortunately, the next appointment available would not be until the middle of the month of May." He explained that rescheduling the appointment would cause

a delayed date for his operation, and the waiting list for surgery was long and hard to reschedule.

Appellants did not adduce any evidence that they requested a continuance of the trial or made any attempt before the default judgment to inform the trial court of the scheduling conflict and inability to travel to Houston for the trial. Under these circumstances, the trial court did not abuse its discretion by implicitly finding that appellants failed to prove that their failure to appear was not intentional or the result of conscious indifference. *See Halligan v. First Heights, F.S.A.*, 850 S.W.2d 801, 803–04 (Tex. App.—Houston [14th Dist.] 1993, no writ) (affirming default judgment when failure to appear was due to the defendant's preoccupation with the health of his mother, who had a heart attack three days before trial; noting that the defendant took no action to inform the trial court of the unexpected circumstances before failing to appear); *Stum v. Stum*, 845 S.W.2d 407, 413–14 (Tex. App.—Fort Worth 1992, no writ) (affirming default judgment when failure to appear was due to the defendants' child's heart surgery that had been scheduled before trial, and the pro se defendants failed to request a continuance), *overruled on other grounds by Humphreys v. Meadows*, 938 S.W.2d 750, 752 (Tex. App.—Fort Worth 1995, writ denied); *see also Dolgencorp*, 288 S.W.3d at 926 (distinguishing a case in which the defaulting attorney notified the trial court of a scheduling conflict and requested a continuance from a case in which the defaulting attorney made no effort to resolve the scheduling conflict and failed to contact the trial court on the day of trial to notify it of the attorney's whereabouts); *De Leon v. Robinson*, 281 S.W.3d 528, 531 (Tex. App.—El Paso 2008, no pet.) ("By itself, having a schedule conflict is not sufficient to show that a failure to appear was not due to conscious indifference.").

Appellants' first issue is overruled.

## II.    Appellants Do Not Show Any Reversible Error

In their second issue, appellants contend that the trial court abused its discretion by refusing to allow them to present evidence and argument at the hearing on their motion to set aside the default judgment.  Appellants complain that they were prevented from presenting evidence related to their defense that the appellees failed to mitigate damages.

Appellants do not contend that the trial court refused to hear any evidence about their intent or conscious indifference.  Because they failed to adduce any evidence to negate their intent or conscious indifference, any error in preventing them from adducing additional evidence about a meritorious defense would not be reversible.  *See* Tex. R. App. 44.1(a); *see also Fid. & Guar. Ins. Co. v. Drewery, Constr. Co.*, 186 S.W.3d 571, 574 (Tex. 2006) (reiterating that a default judgment should be set aside only if the defendant proves all three of the *Craddock* elements); *cf. Garden Ridge, L.P. v. Clear Lake Ctr., L.P.*, 504 S.W.3d 428, 443 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (no harm from the exclusion of evidence concerning one element of a defense when there was no evidence of another element of the defense because such error could not have caused the rendition of an improper judgment).

Appellants' second issue is overruled.

## III.    Conclusion

Having overruled both of appellants' issues, we affirm the trial court's judgment.


/s/    Ken Wise
Justice


Panel consists of Justices Wise, Bourliot, and Spain.

4