COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
| EL PASO ACCENT HOMES, L.L.C., | § | No. 08-11-00061-CV |
| Appellant, | § | |
| | § | Appeal from |
| v. | § | County Court at Law No. 5 |
| PREFERRED GROUP PROPERTIES, INC., JULIE SKORDAS, MICHAEL STROM, and KEVIN SANCHEZ, | § | of El Paso County, Texas |
| | § | (TC # 2008-2948) |
| Appellees. | § | |

**O P I N I O N**

El Paso Accent Homes L.L.C. appeals from a take-nothing judgment entered in favor of

Preferred Group Properties, Inc., Julie Skordas, and Michael Strom (the PGP Defendants).[1]

Finding no reversible error, we affirm the judgment of the trial court.

**FACTUAL SUMMARY**

Accent Homes contracted to buy land in El Paso and the PGP Defendants obtained

contracts and deposits from a group of California investors for the purchase of houses to be built

in the subdivision. When the developer encountered difficulties with resulting delay, the

investors canceled their contracts. The investors sued Accent Homes and the PGP Defendants

for breach of contract alleging that the houses were not built within a reasonable period of time.

Accent Homes asserted cross-claims against the PGP Defendants for breach of fiduciary duty

and negligence. After the investors settled their claims with Accent Homes and the PGP

---

[1] Accent Homes also sued Kevin Sanchez. The judgment reflects that the trial court granted Sanchez's motion for a directed verdict and rendered judgment in his favor. Accent Homes does not raise any issue with respect to the judgment entered in favor of Sanchez.

Defendants, their claims were dismissed with prejudice. Accent Homes' cross-claims against the PGP Defendants were tried to a jury. The trial court submitted Accent Home's claim for breach of fiduciary duty against the PGP Defendants, but it refused to submit the proposed jury question on negligence. The jury found against Accent Homes on its breach of fiduciary duty claim and the trial court entered a take-nothing judgment on the verdict.

**JURY QUESTION ON NEGLIGENCE**

In its sole issue on appeal, Accent Homes argues that the trial court erred by refusing to submit a negligence question to the jury. Appellees respond, in part, that even assuming the trial court erred by not submitting the jury question, any error is not reversible because Accent Homes has not brought forward a complete reporter's record on appeal, and therefore, it cannot be determined that failure to submit the negligence question probably caused the rendition of an improper verdict.

*Incomplete Reporter's Record*

A judgment will not be reversed for charge error unless the error was harmful because it probably caused the rendition of an improper verdict. *Transcontinental Insurance Company v. Crump*, 330 S.W.3d 211, 225 (Tex. 2010); TEX.R.APP.P. 44.1(a). To determine whether the instruction probably caused an improper judgment, an appellate court is required to examine the entire case from voir dire through closing argument. *Transcontinental Insurance*, 330 S.W.3d at 225; *see TXI Transportation Company v. Hughes*, 306 S.W.3d 230, 242-43 (Tex. 2010) ("Probable error is not subject to precise measurement, but it is something less than certitude; it is a matter of judgment drawn from an evaluation of the whole case from voir dire to closing argument, considering the state of the evidence, the strength and weakness of the case, and the verdict.").

In its written request for the reporter's record, Accent Homes requested that the court reporter prepare all of the trial except for voir dire, opening statements, and closing arguments. Additionally, Accent Homes requested that the court reporter not include the exhibits in the record but the record before us includes the exhibits. Although Accent Homes requested preparation of only a partial reporter's record, it did not file a statement of the issues or points which it intended to raise on appeal as required by TEX.R.APP.P. 34.6(c)(1). Consequently, we will not indulge Rule 34.6(c)(4)'s presumption that the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues. TEX.R.APP.P. 34.6(c)(4). Instead, we will apply the presumption that the omitted portions of the record are relevant and support the judgment on appeal. *See Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002); *Christiansen v. Prezelski*, 782 S.W.2d 842 (Tex. 1990). Stated in terms of the harm analysis, we must presume that the omitted portions of the record are relevant to determining whether the trial court's refusal to submit a jury question on negligence probably caused the rendition of an improper judgment. In the absence of these parts of the trial record, we are unable to find reversible error. Accordingly, we overrule the sole issue on appeal and affirm the judgment of the trial court.

May 16, 2012

_____
ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.