

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | |
| SEDONA PACIFIC HOUSING PARTNERSHIP D/B/A SEDONA PACIFIC PROPERTIES AND GONZALEZ FINANCIAL HOLDINGS, INC., | § § § | No. 08-11-00208-CV |
| | § | Appeal from |
| Appellants, | § | County Court at Law No. 1 |
| v. | § | of Tarrant County, Texas |
| | § | (TC # 09-76115-1 ) |
| ALFONSO VENTURA AND MARIA VENTURA, | § | |
| Appellees. | § | |

## **O P I N I O N**

Sedona Pacific Housing Partnership d/b/a Sedona Pacific Properties and Gonzalez Financial Holdings, Inc. appeal from a judgment entered in favor of Alfonso Ventura and Maria Ventura. For the reasons that follow, we affirm.

## **FACTUAL SUMMARY**

On September 30, 2009, Alfonso and Maria Ventura filed suit against Appellants alleging wrongful foreclosure on the Venturas' homestead. The suit alleged that the Venturas executed a tax lien promissory note payable to Gonzalez Financial Holdings, Inc. in the amount of $9,704.52. Tamir Enterprises, Ltd. held the note and GFH Servicing, Ltd. serviced it. The

Venturas' mortgage company tendered a check in the amount of $8,041.25 to pay off the tax lien note and avoid foreclosure, but the loan servicer, GFH Servicing Ltd., refused to accept the payment because it was not received until after the date of the foreclosure.[1] The property was sold at a non-judicial foreclosure on July 7, 2009 to Sedona Pacific Housing Partnership for $75,000. The Venturas alleged in their suit that the property had a value of $206,300 and Appellants had failed to properly account for the surplus money received or convey to the Venturas their legal share of the proceeds. The Venturas sought to enjoin a wrongful foreclosure, alleged that Appellants had breached the tax loan contract, and they also sought declaratory relief and attorney's fees. The trial court issued a temporary restraining order prohibiting Appellants from proceeding with the forcible detainer.

Appellants were served with citation and the TRO on October 7, 2009, but they did not file an answer. The parties, through their attorneys, entered into a Rule 11 agreement to continue the hearing on the temporary injunction and to suspend the eviction proceedings for sixty days while the parties attempted to negotiate a settlement. The dispute was not settled and the parties engaged in discovery. The trial court set the case for trial on March 21, 2011. The Venturas amended their pleadings prior to trial raising additional causes of action: fraud by non-disclosure, usury, and failure to account. They also requested exemplary damages. The Venturas appeared with their attorney for trial, but Appellants failed to appear. The judgment recites that the trial court, after having read the pleadings and papers on file, and after hearing the evidence and argument of counsel, found that the allegations in the Venturas' pleadings had been admitted and Appellants were indebted to the Venturas in the amount of $66,958 plus post-judgment interest. The court also awarded to the Venturas attorney's fees in the amount of

---

[1] An exhibit attached to the petition reflects that GFH Servicing informed the mortgage company that the payoff amount was good only until July 6, 2009 and the foreclosure occurred on July 7, 2009. The payoff was not received until July 9, 2009.

$6,500 for trial plus conditional awards in the event Appellants filed a motion for new trial or appealed to the court of appeals and the Texas Supreme Court.

Appellants filed a motion for new trial on equitable grounds and alleged that the procedural default was not intentional or the result of conscious indifference but was due to accident or mistake. They also alleged a meritorious defense to the Venturas' claims. Counsel for Appellants stated in an affidavit that he did not file an answer on behalf of Appellants due to accident or mistake. His affidavit did not address why Appellants failed to appear for trial. The trial court denied the motion after a hearing and this appeal follows.

**MOTION FOR NEW TRIAL**

In their first issue, Appellants complain that the trial court abused its discretion by denying their motion for new trial made under *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). Before addressing the issue, we must consider the Venturas' claim that *Craddock* is inapplicable because the trial court did not enter a default judgment and instead entered a judgment in their favor following a trial on the merits. We understand Appellants to argue that *Craddock* applies because the trial court entered a no-answer default judgment. We therefore must resolve precisely what type of judgment the trial court entered.

We will first consider whether it is a judgment upon trial. Counsel for the Venturas, John Gamboa, stated in his affidavit that the case was set on the court's jury trial docket with proper notices to all parties. He also stated: "This was not a default hearing but a properly called jury trial . . . ." At the hearing, Gamboa stated several times, including once under oath, that the court had conducted a trial on the merits, not a default judgment hearing, and he recounted the evidence admitted at the trial. The appellate record does not include the court reporter's transcript of the trial. The Venturas' assertion that the trial court did not enter a default judgment

is contradicted by the following recitations in the judgment:

> The Defendants, although having been duly and legally cited to appear and answer, failed to appear and answer, and wholly made default. Citation was served according to law and returned to the clerk where it remained on file for the time required by law. The Court has read the pleadings and the papers on file and after hearing the evidence and argument of counsel, is of the opinion that the allegations in Plaintiffs' Petition have been admitted and Defendants are indebted to Plaintiff in the sum of $66,958.00.

Counsel for the Venturas approved the judgment as to both form and content. The recitations in the judgment indicate that the trial court rendered a default judgment rather than a judgment upon trial.

Under the presumption of regularity of judgments, we are required to presume recitations in the final judgment are correct absent any evidence to the contrary. *Vernon v. Perrien*, 390 S.W.3d 47, 58 (Tex.App.--El Paso 2012, pet. denied); *Southern Insurance Company v. Brewster*, 249 S.W.3d 6, 12-14 (Tex.App.--Houston [1st Dist.] 2007, pet. denied). Given that the appellate record does not include a reporter's record, we must also presume that the evidence supports the recitations regarding entry of a default judgment. *See Sandoval v. Commission for Lawyer Discipline*, 25 S.W.3d 720, 722 (Tex.App.--Houston [14th Dist.] 2000, pet. denied). Based on the record before us and applying the required presumptions to the judgment, we conclude that the trial court entered a default judgment.

There are several types of default judgments. They generally fit into pre- or post-answer default judgments, but other variations exist which do not fit neatly into either category. *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 184 (Tex. 2012).[2] In *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979), the Supreme Court discussed three types of default judgments in contrast to "a judgment upon trial:" (1) the no-answer default judgment; (2) the

---

[2] In *Paradigm Oil*, the Supreme Court addressed another type of default judgment which did not fit in the pre- or post-answer default judgment categories: a default judgment entered as a discovery sanction. *Paradigm Oil*, 372 S.W.3d at 184-85.

judgment *nihil dicit*; and (3) the post-answer default judgment.

A traditional no-answer default judgment can be taken when the defendant is properly served with citation but fails to answer or appear. TEX.R.CIV.P. 239. A defendant who has not answered or otherwise appeared in the case is not entitled to notice of a default judgment proceeding. *Wilson v. Wilson*, 132 S.W.3d 533, 536 (Tex.App.--Houston [1st Dist.] 2004, pet. denied). A judgment *nihil dicit* is usually "limited to situations in which either (1) the defendant has made a plea, usually dilatory in nature, but the pleading has not placed the merits of the plaintiff's case in issue before it is overruled, or (2) the defendant has placed the merits of the case in issue by filing an answer, but has withdrawn that answer." *Paradigm Oil*, 372 S.W.3d at 184 n.8, *quoting* 7 William V. Dorsaneo III, TEXAS LITIGATION GUIDE § 100.01[3] at 100–11 (2011). A no-answer default and a judgment *nihil dicit* are so similar that the same rules apply to each with respect to the effect and validity of the judgment. *Stoner*, 578 S.W.2d at 682. In both instances, the non-answering party has "admitted" the facts properly pled and the justice of the opponent's claim, although a judgment *nihil dicit* carries an even stronger confession than the no-answer default judgment. *Id.*

A post-answer default occurs when the defendant has filed an answer but fails to appear for trial. It differs from the no-answer default and the judgment *nihil dicit* in that it does not constitute an abandonment of the defendant's answer and it is not an implied confession of any issues joined by the defendant's answer. *Stoner*, 578 S.W.2d at 682. Consequently, judgment cannot be entered on the pleadings, and the plaintiff is required to offer evidence and prove his case as in a judgment upon a trial. *Id.*

The Supreme Court had also recognized a fourth category of default judgment: a post-appearance default judgment. *LBL Oil Co. v. International Power Services, Inc.*, 777 S.W.2d

- 5 -

390 (Tex. 1989). This type of default judgment occurs when the defendant makes a general appearance but fails to answer or appear for trial. Once a defendant has made an appearance, he is entitled to notice of the trial setting as a matter of due process under the Fourteenth Amendment. *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988); *LBL Oil*, 777 S.W.2d at 390-91; *In re Brilliant*, 86 S.W.3d 680, 693 (Tex.App.--El Paso 2002, orig. proceeding). A party enters a general appearance when he (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by his acts that an action is properly pending, or (3) seeks affirmative action from the court. *Exito Electronics Co., Ltd. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004); *Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998).

The record reflects that Appellants did not file an answer but they entered into a Rule 11 agreement which reads as follows:

1. The parties agree to continue the hearing regarding the injunctive relief set for Tuesday, October 13, 2009 at 10:00 a.m. until further order of the Court.

2. The parties agree to extend the injunctive Bond filed until further order of the Court.

3. The parties agree there will be no attempt to proceed with enforcement or eviction proceedings until further order of the Court.

4. The parties will attempt a settlement of this matter. If no settlement is reached within sixty (60) days from the date of this agreement, the parties will notify the Court whether a hearing will be necessary on this matter or mediation will be requested.

Consistent with paragraph 4 of the Rule 11 agreement, the Venturas made a written request for the case to be submitted to mediation. The trial court ordered the parties to mediation on February 26, 2010.

The Supreme Court held in *Exito Electronics* that a Rule 11 agreement extending a

defendant's time to file an initial responsive pleading did not constitute a general appearance in the context of a special appearance. *Exito Electronics*, 142 S.W.3d at 306. Likewise, the Fourteenth Court of Appeals held in *Angelou v. African Overseas Union* that a Rule 11 agreement extending the answer date did not constitute a general appearance. *Angelou v. African Overseas Union*, 33 S.W.3d 269, 275 (Tex.App.--Houston [14th Dist.] 2000, no pet.). In both *Exito* and *Angelou*, the defendants contested the trial court's jurisdiction by filing a special appearance and the question was whether the defendants made a general appearance and waived their special appearance by entering into a Rule 11 agreement to extend the time to file their initial responsive pleading.

The instant case is distinguishable because the Rule 11 agreement was not made in the context of a special appearance. Appellants did not merely agree to continue the temporary injunction hearing, continue the injunction bond, and cancel the pending eviction proceeding, they specifically made their agreement subject to further order of the trial court. The parties agreed to notify the Court if they were unable to reach a settlement and to advise the court if a hearing was necessary or mediation would be requested. By taking these actions, Appellants recognized that the case was properly pending in the trial court. We hold that Appellants made a general appearance in the case but failed to file an answer. Under these circumstances, the judgment entered by the court is not a no-answer default judgment, a judgment *nihil dicit*, or a post-answer default judgment. It is instead a post-appearance default judgment.

### *Standard of Review*

We review a trial court's decision on a motion for new trial for an abuse of discretion. *Rivas v. Rivas*, 320 S.W.3d 391, 393 (Tex.App.--El Paso 2010, no pet.); *Munoz v. Rivera*, 225 S.W.3d 23, 26 (Tex.App.-El Paso 2005, no pet.), *citing Cliff v. Huggins*, 724 S.W.2d 778, 778

(Tex. 1987). A trial court must set aside a default judgment when the movant satisfies the requirements articulated in *Craddock v. Sunshine Bus Lines*. *Director, State Employees Workers' Compensation Division v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994); *Rivas*, 320 S.W.3d at 393. Appellants must demonstrate that: (1) their failure to appear for trial was not intentional or the result of conscious indifference; (2) they have a meritorious defense; and (3) the granting of a new trial will not operate to cause delay or injury. *Milestone Operating, Inc. v. ExxonMobil Corporation*, 388 S.W.3d 307, 309 (Tex. 2012); *Evans*, 889 S.W.2d at 268; *Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex. 1966). If the *Craddock* elements are satisfied, it is an abuse of discretion for the trial court to deny a motion for new trial. *Evans*, 889 S.W.2d at 268; *Rivas*, 320 S.W.3d at 393.

*Conscious Indifference*

The burden of proof is on Appellants to show that their failure appear for trial was not the result of conscious indifference. *Munoz*, 225 S.W.3d at 28; *Rivas*, 320 S.W.3d at 393. We look to the knowledge and acts of the defendant to determine whether the defendant satisfied its burden as to the first *Craddock* element. *Milestone Operating*, 388 S.W.3d. at 309; *Evans*, 889 S.W.2d at 269; *Rivas*, 320 S.W.3d at 393-94. Conscious indifference has been defined as failing to take some action which would seem obvious to a person of reasonable sensibilities under the same circumstances. *Evans*, 889 S.W.2d at 269; *Rivas*, 320 S.W.3d at 393-94; *Johnson v. Edmonds*, 712 S.W.2d 651, 652 (Tex.App.--Fort Worth 1986, no writ). If the factual assertions in a movant's affidavit are not controverted, the movant satisfies his burden if his affidavit sets forth facts that, if true, negate intentional or consciously indifferent conduct. *Evans*, 889 S.W.2d at 269; *Rivas*, 329 S.W.3d at 394. In determining if the factual assertions are controverted, the court looks to all the evidence in the record. *Evans*, 889 S.W.2d at 269; *Rivas*, 320 S.W.3d at

394.

The Venturas filed suit on September 30, 2009 and Appellants were served on October 7, 2009. Appellants' attorney, Nathan Cace, stated in his affidavit that he mistakenly believed he had filed an answer in the suit when he had not done so. Appellants' motion for new trial does not address why they failed to appear for trial. On August 24, 2010, Gamboa requested a jury trial setting for December 2010 and faxed a copy of the request to Cace. The case was set for jury trial on March 21, 2011 and the Venturas appeared for trial with counsel. Since Cace had never filed an answer on behalf of Appellants or entered an appearance as counsel, the notices of the trial setting were sent directly to Appellants. Gamboa's affidavit asserts that proper notices of the trial setting were sent to Appellants but they did not appear for trial. In its written letter order denying the motion for new trial, the court found that notices of the trial setting were mailed to Sedona Pacific Housing Partnership and Gonzalez Financial Holdings. None of the affidavits attached to Appellants' motion for new trial addresses their failure to appear for trial. Accordingly, we find that Appellants failed to prove that their failure appear for trial was not the result of conscious indifference. Because the trial court did not abuse its discretion by overruling the motion for new trial, we overrule Issue One.

**PROOF OF DAMAGES**

In Issue Two, Appellants contend that the trial court erred by awarding damages in the amount of $66,958 and attorney's fees because the Venturas failed to present any evidence in support of these awards. The Venturas respond that the issue should be overruled because Appellants filed a partial reporter's record without complying with Rule 34.6(c)(1) of the Texas Rules of Appellate Procedure.

The record does not include a court reporter's record from the default judgment hearing.

It is unclear whether there is no reporter's record or whether Appellants did not request that the court reporter prepare the record of that hearing. In either case, the absence of the record precludes our review of this issue.

Generally, in an appeal with only a partial reporter's record, we must presume the omitted portions of the record are relevant and support the trial court's judgment. *Feldman v. Marks*, 960 S.W.2d 613, 614 (Tex. 1996). Rule 34.6(c) provides an exception to the general rule. *See* TEX.R.APP.P. 34.6(c). Under Rule 34.6(b) of the Rules of Appellate Procedure, an appellant must request in writing that the official court reporter prepare the reporter's record and designate the portions of the portions of the proceedings to be included. TEX.R.APP.P. 34.6(b). If the appellant requests a partial reporter's record, the appellant must include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues. TEX.R.APP.P. 34.6(c)(1). This gives other parties the opportunity to designate additional exhibits and portions of the testimony to be included in the reporter's record. TEX.R.APP.P. 34.6(c)(2). If the appellant complies with these requirements, the appellate court must presume that the partial reporter's record constitutes the entire record for purposes of reviewing the stated points or issues. TEX.R.APP.P. 34.6(c)(4). If the appellant fails to comply with Rule 34.6(c), we will apply the general presumption that the missing portions of the record support the trial court's judgment. *See Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2003).

The record does not include a statement of the points or issues Appellants intended to present on appeal. Consequently, we will not apply Rule 34.6(c)(4)'s presumption that the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues. TEX.R.APP.P. 34.6(c)(4); *see El Paso Accent Homes, L.L.C. v. Preferred Group Properties, Inc.*, 387 S.W.3d 810 (Tex.App.--El Paso 2012, no pet.).

We will instead apply the presumption that the omitted portions of the record are relevant and support the judgment on appeal. *See Bennett*, 96 S.W.3d at 229; *Christiansen v. Prezelski*, 782 S.W.2d 842 (Tex. 1990). We overrule Issue Two and affirm the judgment of the trial court.


May 22, 2013

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating