**Opinion issued July 7, 2016**



In The

# Court of Appeals

For The

## First District of Texas

———————————

### NO. 01-15-00688-CV

———————————

**PETER ADDO, Appellant**

**V.**

**AMERICAN TANK AND VESSEL, INC., Appellee**

---

**On Appeal from the 189th District Court
Harris County, Texas
Trial Court Case No. 2009-14389**

---

### MEMORANDUM OPINION

This is an appeal from two judgments and one appealable order: (1) a summary judgment in favor of appellee American Tank & Vessel, Inc. ["ATV"] on appellant Peter Addo's breach-of-contract claim; (2) an equitable fee forfeiture judgment ordering that Addo forfeit all further compensation that would have been

payable to him under the consulting contract that is the basis of this suit; and (3) a "death penalty" sanctions order against Addo based on his failure to produce relevant discovery after claiming that the hard drive on his computer had been destroyed, a claim the trial court found to be "not credible." All three rulings resulted in the same remedy, i.e., dismissal of Addo's claims against ATV with prejudice. In three issues on appeal, Addo contends the trial court (1) abused its discretion by imposing death penalty sanctions, (2) erred in granting ATV's Motion for Summary Judgment, and (3) erred in granting ATV's Motion for Judgment of Equitable relief ordering forfeiture of all remaining fees due Addo under the contract at issue in this suit. ATV responds that we must affirm because Addo has failed to bring forth a record sufficient to show error requiring reversal on any of the three rulings. We agree with ATV. Accordingly, we affirm.

### *The Summary Judgment*

ATV's Motion for Summary Judgment included an "**Appendix A** [that] lists the evidence that [ATV] relies upon. The evidence is attached to this motion or on file with the Court in this cause and is incorporated herein by reference." The Motion for Summary Judgment also references at least 91 exhibits as evidence. However, in his "Request for Documents to be Included in the Clerks Record," Addo requested just four exhibits: DX298, DX 305, DX306, and Exhibit F. Indeed, as specified by Addo, these are the only exhibits included with ATV's

Motion for Summary Judgment in the Clerk's Record before this Court; Appendix A is not included.

An appellant bears the burden to bring forward the record of the summary judgment evidence to provide appellate courts with a basis to review his claim of harmful error. *Enter. Leasing Co. of Houston v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004); *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 689 (Tex. 1990); *Escontrias v. Apodaca*, 629 S.W.2d 697, 699 (Tex. 1982). If the pertinent summary judgment evidence considered by the trial court is not included in the appellate record, an appellate court must presume that the omitted evidence supports the trial court's judgment and affirm the judgment on that basis. *Enterprise*, 156 S.W.3d at at 550; *DeSantis*, 793 S.W.2d at 689.

In his reply brief, Addo argues, without authority, that the above-referenced cases do not apply, and the omitted evidence is not "pertinent" because the sole issue in the summary judgment was based on the affirmative defense of prior material breach and Addo's "counter affirmative defense" of prior material breach, with each party arguing that the other side breached the agreement first. However, Addo provides no authority that would allow the non-movant to determine what summary judgment evidence is "pertinent." The Fourteenth Court of Appeals has specifically addressed this issue, stating:

> *Enterprise* does not support [the nonmovant's] conclusion that only the "pertinent evidence"—not the motion for summary judgment or its

3

> attachments—is needed in the appellate record. If anything, *Enterprise* illustrates how important it is for an appellant challenging a grant of summary judgment ***to include the complete summary judgment record considered by the trial court in ruling on the motion for summary judgment***; otherwise, the appellate court may apply the presumption that the omitted documents support the trial court's judgment on that basis. *See* 156 S.W.3d at 549–50; *see also Aguirre v. Vasquez*, 225 S.W.3d 744, 752 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Further, *Enterprise* places the burden squarely on the party challenging the grant of summary judgment to ensure that all documents needed for this court to fully review the correctness of the summary judgment are in the record. *See Enterprise*, 156 S.W.3d at 549.

*Mallios v. Standard Ins. Co.*, 237 S.W.3d 778, 782 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (emphasis added).

This is not a case in which the summary judgment exhibits were accidentally omitted from the record. Rather, Addo deliberately chose *not* to request the entire summary judgment record, and, when ATV pointed out the omission in its appellee's brief, Addo chose not to supplement the record with the omitted documents. Therefore, we must presume that the omitted exhibits support the trial court's summary judgment in favor of ATV, and we overrule issue two.

### *Judgment for Equitable Relief and Motion for Sanctions*

Even if we were to agree that the appellate record was sufficient to support review of the summary judgment, which we do not, we would nonetheless conclude that the record was insufficient to support review of the Judgment for

4

Equitable Relief and the Motion for Sanction, both of which are alternative grounds supporting the trial court's dismissal of Addo's claims

Regarding the Judgment of Equitable Relief, the trial court's judgment stated as follows:

The Court has considered [ATV's] April 24, 2015 Motion for Judgment of Equitable Relief, Mr. Addo's May 8, 2015 written response, [ATV's] reply, the pleadings on file, the arguments of counsel, and *the evidence presented at hearings on June 4-6, 2012, March 30, 2015, April 1, 2015, and May 15, 2015*. (emphasis added).

\* \* \* \*

[ATV's] April 24, 2015 Motion for Judgment of Equitable Relief is granted. On this additional ground, Mr. Addo's claims against [ATV] are dismissed with prejudice.

Regarding the Motion for Sanctions, the trial court's judgment stated as follows:

The Court has considered [ATV's] March 31, 2015 Motion for Sanctions against Peter Addo, as amended May 1, 2015, Mr. Addo's May 8, 2015 written response, [ATV's] reply, the pleadings on file, the arguments of counsel, and *the evidence presented at hearings on March 30, 2015, April 1, 2015, and May 15, 2015*. (Emphasis added)

\* \* \* \*

Based on these additional findings, [ATV's] Motion for Sanctions filed March 31, 2015, as amended May 1, 2015, is granted. On this additional ground, pursuant to Texas Rules of Civil Procedure 215.2 and 215.3, the Court dismisses the claims of Peter Addo with prejudice.

Here, the trial court's judgment *specifically states* that the trial court relied on evidence presented at hearings on June 4-6, 2012 (for the Motion for Judgment

5

of Equitable Relief), March 30, 2015, April 1, 2015, and May 15, 2015 (for both the Motion for Judgment of Equitable Relief and Motion for Sanctions). On appeal, we indulge in every presumption in favor of the regularity of the proceedings and documents in the trial court. *See Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 444 (Tex. App.–Houston [1st Dist.] 2006, pet. denied); *see also See Sedona Pac. Hous. P'ship v. Ventura*, 408 S.W.3d 507, 511 (Tex. App.—El Paso 2013, no pet.) ("Under the presumption of regularity of judgments, we are required to presume recitations in the final judgment are correct absent any evidence to the contrary."). The burden is on the party challenging the proceeding to overcome this presumption. *Murphy*, 199 S.W.3d at 444. There is no evidence rebutting the trial court's recitation of the evidence it considered, thus we conclude that the trial court did, in fact, rely on the evidence from the multiple hearings listed.

However, Addo has filed with this Court only the reporter's record from the May 15, 2015, arguing that it is "[t]he only hearing pertaining to the subject motions." As such, we have only a partial reporter's record from the hearings that the trial court considered in making its rulings.

A party may prosecute an appeal with a partial reporter's record. *See* TEX. R. APP. 34.6(c). Rule 34.6(c)(1) provides that when an appellant requests only a partial reporter's record, "the appellant must include in the request a statement of

6

the points or issues to be presented on appeal and will then be limited to those points or issues." TEX. R. APP. 34.6(c)(1). An appellant's failure to file a statement of points or issues "require[s] the appellate court to affirm the trial court's judgment." *Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002); *see also Mason v. Our Lady Star of the Sea Catholic Church*, 154 S.W.3d 816, 821 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (stating failure to file statement of points results in presumption that omitted portions of record are relevant and support trial court's judgment).

The record before us contains no statement of points or issues from Addo. Accordingly, we presume that the reporter's records from the missing hearings support the trial court's judgment. *See Bennett*, 96 S.W.3d at 229. We overrule issues one and three.

## CONCLUSION

Because Addo has failed to bring a sufficient record to this Court upon which to reverse any of the three challenged rulings, and any one of those rulings standing alone would be sufficient to uphold the trial court's dismissal of Addo's claims, we affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.