

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| TVO COBBLESTONE, LLC, WINDY CITIES COBBLESTONE, LLC, KLV TRUST, AND WAYNE VANDENBURG, | § § § | No. 08-18-00175-CV |
| Appellants, | § | Appeal from |
| v. | § | 243rd Judicial District Court |
| ASI CAPITAL, LLC, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2018DCV0375) |

## <u>MEMORANDUM OPINION</u>

Appellants (TVO Cobblestone, LLC;[1] Windy Cities Cobblestone, LLC; KLV Trust; and Wayne Vandenburg) appeal the trial court's entry of default judgment against Windy Cities, KLV, and Wayne Vandenburg, as well as its order granting Appellee ASI Capital, LLC's summary judgment against TVO. We reverse both orders and remand to the trial court for further proceedings.

## BACKGROUND

On January 31, 2018, ASI sued TVO, Windy Cities, KLV, VIF II/Cypress Greens Investors, LLC, Russell Vandenburg, and Wayne Vandenburg for claims related to a $375,000

---

[1] Though there are multiple TVO entities referenced in the record, we refer to TVO Cobblestone as "TVO."

promissory note and security agreement, which gave ASI an interest in a Baton Rouge apartment complex.[2] Russell Vandenburg signed the note on behalf of TVO and Windy Cities, and he personally guaranteed their performance. However, after the note matured and ASI demanded payment under the note and guaranty, the balance remained unpaid. In ASI's suit, it alleges that even after the apartment complex sold, Windy Cities "repaid an alleged loan from insider KLV" and made other payments instead of paying ASI. ASI also alleged "Wayne Vandenburg was the mastermind behind the plan to allegedly divert funds from the Cobblestone project to pay third parties instead of the debt" to ASI, adding that "[u]pon information and belief, KLV Trust is one set up by Wayne Vandenburg for the benefit of his children."

ASI's claims include breach of contract against TVO, Windy Cities, Russell Vandenburg, and Wayne Vandenburg; fraud against TVO, Windy Cities, Russell Vandenburg, and Wayne Vandenburg; and conspiracy to commit fraud against TVO, Windy Cities, KLV, Cypress Greens, Russell Vandenburg, and Wayne Vandenburg. ASI also sought injunctive relief, a constructive trust, and to avoid payment of proceeds from the apartment complex sale under section 24.005(a)(1) of the Texas Uniform Fraudulent Transfer Act.

Windy Cities and KLV were served on February 14, 2018, setting their response deadline as March 12, 2018, and Wayne Vandenburg was served on February 22, 2018, making his response deadline March 19, 2018. During February 2018, Wayne Vandenburg says he retained Rincon Law Group, P.C. in a different suit also pending before the 243rd District Court in El Paso County involving ASI and claims regarding promissory notes. He claims that during their discussions, he consulted with the Rincon Law Group about representation in this case for him, TVO, Windy

---

[2] Cypress Greens and Russell Vandenburg are not parties to this appeal.

Cities, and KLV. However, Rincon Law Group entered an appearance only on TVO's behalf in this case.

On March 2, 2018, Appellants maintain Rincon Law Group prepared draft answers on their behalf and sent them to Wayne and David Vandenburg to review, indicating that the answers would be filed on Monday, March 5, 2018. As Carlos Rincon, an attorney with the Rincon Law Group, later testified, "[w]hether due to confusion as between the two cases or inadvertence or mistake, the answers prepared on behalf of Defendants TVO Cobblestone, Windy Cities, KLV Trust and Wayne Vandenburg were not filed in this case." Rincon elaborated that "[t]he failure to file the answers in this case was not intentional or due to conscious indifference on the part of Wayne Vandenburg, David Vandenburg or the other named Defendants for which [Rincon Law Group] prepared answers or [Rincon Law Group] but, rather, was due to a misunderstanding and miscommunication, as between [Rincon Law Group] and the clients . . . ."

On March 12, Rincon Law Group filed a motion to withdraw as counsel for TVO, Windy Cities, KLV, and Wayne Vandenburg. The motion stated Rincon Law Group had "appeared for Wayne Vandenburg, KLV Trust, Windy Cities Cobblestone, LLC, and TVO Cobblestone, LLC" but could "no longer continue to provide defenses" for them, as their fees had not been paid. Rincon Law Group later claimed that when it filed the motion to withdraw, it did not realize it had not filed the prepared answers. The trial court granted the motion on March 22 in an order titled "Order Granting Motion to Withdraw as Counsel of Record for TVO Cobblestone, LLC, Windy Cities Cobblestone, LLC, KLV Trust, and Wayne Vandenburg."

On March 29, ASI moved for default judgment against Wayne Vandenburg, KLV, Cypress Greens, and Windy Cities. The trial court set the motion for hearing for April 12, but Appellants

3

allege it did not notify them of the hearing.[3] At the hearing, the trial court granted ASI's default judgment motion and awarded ASI $374,974.33 in actual damages, $23,080.27 in attorneys' fees, $12,944.32 in prejudgment interest, costs, and post-judgment interest.

Later that day, Wayne Vandenburg alleges he discovered the trial court's default judgment and learned that no answers had been filed. He says the answers prepared by Rincon Law Group were filed immediately thereafter; however, the default judgment order was entered before the answers were filed. Thus, on May 11, after new counsel entered appearances on Appellants' behalf, Windy Cities, KLV, and Wayne Vandenburg filed a motion to vacate the default judgment, or alternatively, motion for a new trial, which the trial court denied.

Meanwhile, ASI filed a motion for summary judgment on its breach of contract claim against TVO. After TVO responded and ASI filed a reply, ASI amended its petition and added claims for fraud in the inducement, statutory fraud, breach of fiduciary duty, unjust enrichment, conversion, and civil theft. ASI then amended its summary judgment motion to add claims for unjust enrichment and conversion against TVO. The trial court granted ASI's amended motion for summary judgment.

Windy Cities, KLV, and Wayne Vandenburg filed a motion to reconsider the order denying their motion to vacate and for a new trial, and TVO filed a motion to reconsider the order granting summary judgment or, alternatively, a motion for new trial.[4] The trial court denied both motions, and this appeal followed.

---

[3] ASI responds that the trial court sent notice of the hearing via regular mail to an address Wayne Vandenburg provided to the trial court, but nothing in the record conclusively shows whether he received notice.

[4] ASI and Russell Vandenburg entered an agreed judgment, which the trial court approved on May 14, 2018.

In August 2019, ASI filed a motion to dismiss TVO and Windy Cities' appeals for lack of standing because they each failed to pay annual taxes and were thus inactive Delaware limited liability companies. Appellants responded, appending Delaware entity details showing that they had regained good standing, and maintaining they had not otherwise forfeited their corporate charters. ASI's motion to dismiss is denied.

ASI filed for protection under Chapter 11 of the Bankruptcy Code in June 2020, so this appeal was abated from June 25, 2020 through May 18, 2023. At this Court's request, the trial court held a hearing to determine whether a controversy still exists following the bankruptcy proceeding, and on August 2, 2023, the trial court entered an order confirming that none of the claims made in this case were disposed of in ASI's bankruptcy.

## ANALYSIS

### A. Default judgment against Windy Cities, KLV, and Wayne Vandenburg

In Appellants' first three issues, they claim the trial court abused its discretion by (1) granting default judgment without first providing them with notice of the hearing, (2) denying the defaulting parties'[5] motion for new trial because ASI's petition failed to properly state its claims, and (3) denying their motion for new trial based on factors under *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939). Because Appellants' third issue addressing its meritorious defenses under *Craddock* incorporates its second issue, we address these two issues together.

**(1) Because Windy Cities, KLV, and Wayne Vandenburg did not make a general appearance before the default-judgment hearing, they were not entitled to notice.**

---

[5] *I.e.*, Windy Cities, KLV, and Wayne Vandenburg.

Appellants first argue that the trial court erred by rendering default judgment against Windy Cities, KLV, and Wayne Vandenburg without first providing them with notice of the hearing. Though Appellants acknowledge Windy Cities, KLV, and Wayne Vandenburg had not answered, they contend they entered an appearance and were thus entitled to notice. Specifically, Appellants maintain the record establishes the defaulting parties made a general appearance because (1) when Rincon Law Group filed their motion to withdraw, it stated it had "appeared for Wayne Vandenburg, KLV Trust, Windy Cities Cobblestone, LLC, and TVO Cobblestone, LLC"; (2) the trial court's order granting Rincon Law Group's motion to withdraw did so as to all Appellants (and not just TVO); and (3) before Rincon Law Group withdrew, one of its attorneys signed an agreed order extending the court's temporary restraining order.

A post-appearance default judgment "occurs when the defendant makes a general appearance but fails to answer or appear for trial." *Sedona Pac. Hous. P'ship v. Ventura*, 408 S.W.3d 507, 512 (Tex. App.—El Paso 2013, no pet.). Because the defendant "has made an appearance, he is entitled to notice of the trial setting as a matter of due process under the Fourteenth Amendment." *Id.* (citing *Peralta v. Heights Med. Ctr., Inc.,* 485 U.S. 80 (1988)). A default judgment hearing is equivalent to a trial setting because it is "[a] hearing that effectively disposes of the case." *Four-Thousand-Five-Hundred Twenty-Eight Dollars v. State*, No. 08-03-00239-CV, 2004 WL 1576779, at *1 (Tex. App.—El Paso July 15, 2004, no pet.) (mem. op.) (citing *LBL Oil Co. v. Int'l Power Servs.*, 777 S.W.2d 390, 391 (Tex. 1989)). "A party enters a general appearance when he (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by his acts that an action is properly pending, or (3) seeks affirmative action from the court." *Sedona Pac. Hous.*, 408 S.W.3d at 512 (citing *Exito Elecs. Co., Ltd. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004)).

6

However, none of the actions Appellants point to establish that Windy Cities, KLV, or Wayne Vandenburg entered a general appearance before default judgment. Rincon Law Group—not Windy Cities, KLV, or Wayne Vandenburg—requested the court's permission to withdraw as counsel. The motion to withdraw and court's order granting it are thus irrelevant for the purposes of determining whether the defaulting parties entered a general appearance because none of those parties "invoke[d] the judgment of the court," "recognize[d] by [their] acts that an action is properly pending," or "s[ought] affirmative action from the court." *Id.*; *cf. Castillo v. Castillo*, No. 04-95-00350-CV, 1996 WL 195402, at *3 (Tex. App.—San Antonio Apr. 24, 1996, no writ) (not designated for publication) (concluding motion for continuance requested relief from the court and thus amounted to a general appearance).

Likewise, ASI—not any of the defaulting parties—sought the agreed order extending the court's temporary restraining order. Though the motion is "agreed," the only signatures that reflect agreement are counsel for ASI, TVO, and Russell Vandenburg. The Rincon Law Group attorney is specifically designated as "Attorney for Defendant TVO Cobblestone, LLC." Nevertheless, Appellants maintain that because the agreed order preserves the status quo among all parties, Rincon Law Group must have been acting on behalf of all defendants, not just TVO. But nothing in the order reflects even the defaulting parties' recognition that an action is pending before the court. *Cf. Sedona Pac. Hous.*, 408 S.W.3d at 512–13 (concluding Rule 11 agreement made "subject to further order of the trial court" and outside context of a special appearance established appellants had recognized case was properly pending in court and thus constituted a general appearance).

Because Appellants have not established Windy Cities, KLV, and Wayne Vandenburg entered a general appearance before default judgment, they were not entitled to notice of the default judgment hearing. Issue One is overruled.

**(2) The trial court abused its discretion by denying the defaulting parties' motion for new trial because they met all three elements of the *Craddock* test.**

Appellants next argue the trial court should have granted their motion for new trial because they met the three requisite *Craddock* elements. In a no-answer default, "a defaulting defendant admits all facts properly pled in the plaintiff's petition except for the amount of unliquidated damages." *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) (per curiam) (citing *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992)). "Generally, before a default judgment can be set aside and a new trial granted, the defaulting party must satisfy the three elements of the *Craddock* test." *Rouhana v. Ramirez*, 556 S.W.3d 472, 478 (Tex. App.—El Paso 2018, no pet.) (citing *Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987)). "Under *Craddock*, a party must demonstrate that (1) the failure to appear was not intentional or the result of conscious indifference; (2) there is a meritorious defense; and (3) the granting of a new trial will not operate to cause delay or injury to the opposing party." *Id.* (citing *Cliff*, 724 S.W.2d at 779).

We review a trial court's denial of a motion for new trial for abuse of discretion. *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006); *Pearl Res. LLC v. Charger Servs., LLC*, 622 S.W.3d 106, 124 (Tex. App.—El Paso 2020, pet. denied). A trial court abuses its discretion when it acts arbitrarily, unreasonably, and without reference to any guiding rules and principals, or renders a decision that is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Pearl Res.*, 622 S.W.3d at 124 (quoting *In re Bass*, 113 S.W.3d 735, 738 (Tex. 2003) (orig. proceeding)). "However, a trial court abuses its discretion by not granting a new trial when all three elements of the *Craddock* test are met." *Dir., State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994); *see also Holt Atherton*, 835 S.W.2d at 86 ("[A]n adjudication on the merits is preferred in Texas.").

8

**(a) The defaulting parties' failure to answer was not intentional or the result of conscious indifference.**

The first *Craddock* factor requires Appellants to establish that the defaulting parties' failure to appear was not intentional or the result of conscious indifference but was instead the result of an accident or mistake. *Dolgencorp*, 288 S.W.3d at 925 (citing *Craddock*, 133 S.W.2d at 126). "When applying the *Craddock* test, the trial court looks to the knowledge and acts of the defendant as contained in the record before the court." *Holt Atherton*, 835 S.W.2d at 82. A defendant satisfies its burden under the first *Craddock* element "when its factual assertions, if true, negate intentional or consciously indifferent conduct by the defendant and the factual assertions are not controverted by the plaintiff." *Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 310 (Tex. 2012) (per curiam). "Consciously indifferent conduct occurs when 'the defendant knew it was sued but did not care.'" *Id.* (quoting *Fid. & Guar. Ins. Co. v. Drewery Constr. Co.,* 186 S.W.3d 571, 576 (Tex. 2006) (per curiam)). "Proof of such justification—accident, mistake or other reasonable explanation—negates the intent or conscious indifference for which reinstatement can be denied." *Smith v. Babcock & Wilcox Const. Co., Inc.*, 913 S.W.2d 467, 468 (Tex. 1995).

Appellants contend their failure to answer was a mistake and not due to any intentional act or conscious indifference. They point to the fact that they initially retained Rincon Law Group after service and within their answer period as evidence that they did not intend to default in this case. They highlight their belief that Rincon Law Group would file answers on their behalf based on an email stating that attached draft answers would be filed. The defaulting parties also provided an affidavit from Rincon confirming that the failure to file answers was due to a misunderstanding, which may have arisen from confusion between this case and another involving some of the same parties and a promissory note, and elicited testimony from Ancel Escobar, another Rincon Law Group attorney, confirming the same at the hearing on the motion to vacate the default judgment.

9

ASI responds that Rincon Law Group did not file the defaulting parties' answers because they were not paid, which was not an accident or mistake. It also alleges Rincon Law Group was not paid because Wayne Vandenburg diverted sale proceeds of the apartment complex to third parties (though it provides no record support for that contention).

However, ASI has not attempted to controvert the defaulting parties' evidence that detailed their engagement of Rincon Law Group, their communications regarding the draft answers, and the possible confusion due to the two similar cases pending at the same district court. "An excuse need not be a good one to suffice." *Fidelity,* 186 S.W.3d at 576. Because the defaulting parties offered an excuse that was not controverted and, if true, negated any intentional or consciously indifferent conduct on their part, they have satisfied *Craddock's* first element. *See Milestone Operating*, 388 S.W.3d at 310; *see also Fidelity,* 186 S.W.3d at 575 (collecting cases reversing default when service papers were lost without explanation); *Take 5 LLC v. Smith*, No. 05-22-00390-CV, 2023 WL 1229028, at \*6 (Tex. App.—Dallas Jan. 31, 2023, no pet.) (mem. op.) (collecting cases reversing default where attorney error resulted in defaulting party's failure to answer).

**(b) The defaulting parties presented a meritorious defense to ASI's claims.**

The second *Craddock* element requires the defaulting parties to "set up" a meritorious defense by "alleg[ing] facts which in law would constitute a defense to the plaintiff's cause of action" and provide support "by affidavits or other evidence providing prima facie proof that the defendant[s] ha[ve] such a defense." *Dolgencorp*, 288 S.W.3d at 927–28. If the defaulting parties meet those requirements, "controverting evidence offered by the nonmovant should not be considered." *Id.*

ASI's original petition—the live pleading when the trial court rendered default judgment against Windy Cities, KLV, and Wayne Vandenburg—asserts the following claims against the defaulting parties: breach of contract against Windy Cities and Wayne Vandenburg; fraud against Windy Cities and Wayne Vandenburg; conspiracy to commit fraud against Windy Cities, KLV, and Wayne Vandenburg; and fraudulent transfer against Windy Cities. The defaulting parties' motion for new trial raised several defenses and challenged the sufficiency of ASI's pleadings.

Specifically, in their motion for new trial, the defaulting parties appended an affidavit from David Vandenburg, who testified:

> 1.     I am the 50% shareholder in The Vandenburg Organization, Inc. The other 50% shareholder is my sister, Kellyn Vandenburg. The Vandenburg Organization, Inc. is the 100% owner of, and sole member in, TVO Cobblestone, GP, LLC, the Managing Member of TVO Cobblestone, LLC.
>
> .       .       .
>
> 3.     Russell Vandenburg is neither a 'Member' of The Vandenburg Organization, Inc., a corporation, nor did he ever have authority to sign a Promissory Note or borrow any money on behalf of TVO Cobblestone, LLC. The first time I learned of the Promissory Note was when the [Baton Rouge apartment complex] was being sold.
>
> 4.     Windy Cities Cobblestone, LLC has one member – TVO North America. TVO North America owns 100% of Windy Cities Cobblestone, LLC. Russell Vandenburg is not a 'Member' of Windy Cities Cobblestone, LLC.

The defaulting parties later filed two updated affidavits from David Vandenburg, which added that neither Windy Cities nor TVO ever received $375,000 ("or any sum approximating $375,000") from ASI under the promissory note.

In other words, Appellants contended that Russell Vandenburg did not have authority to sign a promissory note or borrow any money on behalf of TVO or Windy Cities. If true, that presents a meritorious defense to ASI's breach of contract and fraudulent transfer claims because

11

TVO and Windy Cities can only be affected by the note if Russell Vandenburg's signature binds those organizations. *In re Users Sys. Servs., Inc.*, 22 S.W.3d 331, 335 n.16 (Tex. 1999) ("[A]gent acting within the scope of his apparent authority binds the principal as though the agent actually possessed such authority[.]"); *Suarez v. Jordan*, 35 S.W.3d 268, 274 (Tex. App.—Houston [14th Dist.] 2000, no pet.) ("It is a fundamental tenet of contract law that in order to be bound by an agreement, one must be a party to it."). Appellants also maintain ASI has not shown that Windy Cities diverted funds in violation of the Texas Uniform Fraudulent Transfer Act (TUFTA) because Windy Cities was not bound by Russell's signature on the promissory note. Indeed, a plaintiff seeking to recover under TUFTA must establish that he is a "creditor," *i.e.*, "any person who has a claim." TEX. BUS. & COM. CODE ANN. § 24.002(3)–(4); *Sargeant v. Al Saleh*, 512 S.W.3d 399, 412 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.).

Further, Appellants contend ASI's fraud claim is an attempt to recast its breach of contract claim, which they urge is barred by the economic loss rule. *Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014) ("The economic loss rule generally precludes recovery in tort for economic losses resulting from a party's failure to perform under a contract when the harm consists only of the economic loss of a contractual expectancy."). Finally, Appellants maintain the civil conspiracy claim likewise must fail because it is a derivative tort and cannot remain absent any facts evidencing specific intent to commit fraud or another underlying tort. *See Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996) (discussing derivative nature of civil conspiracy).

In sum, the defaulting parties set out facts which would constitute a defense to each cause of action ASI asserted in its original petition.[6] That is, they set up meritorious defenses that, if true, could produce a different result on retrial. *L'Arte De La Mode, Inc. v. Neiman Marcus Group*, 395 S.W.3d 291, 297 (Tex. App.—Dallas 2013, no pet.). Because they met that burden, we consider no controverting evidence offered by ASI. *Dolgencorp*, 288 S.W.3d at 927–28. Thus, Appellants have satisfied *Craddock's* second element.

### (c) The defaulting parties established setting aside the default judgment would not cause a delay or prejudice to ASI.

Under the third *Craddock* element, Appellants must show that granting a new trial will not cause delay or injury to the opposing party. *Rouhana*, 556 S.W.3d at 478. The purpose of this element "is to protect a plaintiff against the sort of undue delay or injury that would result in a disadvantage when presenting the merits of the case at a new trial, 'such as a loss of witnesses or other valuable evidence.'" *Dolgencorp*, 288 S.W.3d at 929 (quoting *Evans*, 889 S.W.2d at 270).

The defaulting parties urged that setting aside the default judgment would not cause delay as the case was only in the pleadings stage. Once the defaulting parties alleged that granting a new trial would not injure ASI, the burden shifted to ASI to prove injury. *Id.* ASI protested to any delay as making it more difficult to trace dispersed funds and that Appellants have not agreed to reimburse them for expenses incurred in obtaining the default judgment. Though these are "important factors" to examine, they are not dispositive of whether the motion for new trial should

---

[6] In both Issues Two and Three, the defaulting parties raise additional arguments, including the insufficiency of ASI's pleadings, but because they have established that they meet the second *Craddock* requirement, we need not consider them. *See* TEX. R. APP. P. 47.4. In their additional arguments, Appellants ask us to supplement the appellate record with exhibits appended to their brief (and not in the trial court record), which we decline to do. *See* TEX. R. APP. P. 34.1.

be granted. *Evans*, 889 S.W.2d at 270 n.3. We conclude the defaulting parties have satisfied the third *Craddock* element.

Because the defaulting parties satisfied all three elements of the *Craddock* test, the trial court abused its discretion in denying their motion for new trial.

Issue Three is sustained.

## 1. Summary judgment against TVO

In Appellants' fourth issue, they contend the trial court erred by granting summary judgment on ASI's breach of contract, unjust enrichment, and conversion claims against TVO.

We review summary judgments de novo. *McGehee v. Endeavor Acquisitions, LLC*, 603 S.W.3d 515, 521 (Tex. App.—El Paso 2020, no pet.). In a traditional summary-judgment motion, the moving party bears the burden to establish there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Id.* We take as true all evidence favorable to the non-movant, indulging every reasonable inference and resolving any doubts in his favor. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017).

In its motion for summary judgment against TVO, ASI contended that no fact issue exists regarding, among other things, whether a contract existed between ASI and TVO and whether TVO received or benefitted from the funds under the promissory note. ASI argued that "Russell and Wayne Vandenburg have always been the faces of all of the TVO entities," pointing to the affidavit of Sean Hawkins, ASI's managing member, in which he testifies that he "dealt with Wayne and Russell Vandenburg, on behalf of the TVO entities, for a number of years" in which ASI made several loans to TVO entities. Hawkins also alleged he typically dealt with Russell Vandenburg, who he says directed ASI's loaned funds to "be deposited with TVO Management Services or TVO North America," "[r]egardless of what entity ASI was lending to and/or investing

14

in[.]" Hawkins further stated that in this case, Russell Vandenburg requested ASI's loaned funds to be transferred to TVO Management Services, LLC, which he claimed was acting as the banking agent for TVO. Hawkins attested that ASI wired the loan per Russell Vandenburg's instructions and Wayne Vandenburg later admitted to him the funds were advanced.[7] ASI then appended, among other things, a February 2017 TVO Management Services bank statement reflecting a $365,000 same-day deposit and withdrawal,[8] a December 2017 TVO Management Services bank statement listing it as agent for TVO Cobblestone, and an email from Wayne Vandenburg attaching a draft "sale waterfall" that it maintains shows ASI's note would be fully repaid. ASI also included an affidavit from Russell Vandenburg essentially affirming the statements in Hawkins' affidavit and stating that the ASI loan was used in part to pay a contractor who he was afraid might file a lien on the apartment complex.

TVO responded, pointing to David Vandenburg's affidavits (detailed above) as to Russell Vandenburg's lack of authority to act on behalf of TVO and his testimony that TVO never received the loaned funds from ASI. TVO further highlighted its verified denial under Texas Rule of Civil Procedure 93(7), in which TVO denied that it authorized the promissory note's execution. TVO also argued Russell Vandenburg signed the note as a "Member" of the Vandenburg Organization, Inc. (a corporation in which TVO contends he possesses no interest) and the Security Agreement as a member of TVO Cobblestone, GP, LLC (of which the Vandenburg Organization, Inc. is the sole member). In sum, TVO argued that by ASI's own allegations, it agreed to make the loan and

---

[7] Appellants moved to strike several statements in Hawkins' affidavit but did not secure a ruling from the trial court. Though Appellants ask this Court to rule on those objections, that issue is not properly before us because their brief does not include "a clear and concise argument" for this contention "with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i).

[8] ASI states that it charged a $10,000 fee, which it subtracted from the $375,000 loan.

deposit the funds based on communications solely with Russell Vandenburg, who TVO maintains had no actual or apparent authority to execute the note or security agreement. TVO also protested that ASI did not show that the funds were transferred from TVO Management Services to TVO.

Because ASI contends Russell Vandenburg had apparent authority to bind TVO, ASI bore the burden of proving it. *See IRA Res., Inc. v. Griego*, 221 S.W.3d 592, 597 (Tex. 2007) ("Texas law does not presume agency, and the party who alleges it has the burden of proving it."). "Apparent authority is based on estoppel and arises either (1) from a principal knowingly permitting an agent to hold himself or herself out as having authority, or (2) by a principal's actions that lack such ordinary care as to clothe an agent with the indicia of authority, thus leading a reasonably prudent person to believe that the agent has the authority he or she purports to exercise." *Amerigroup Tex., Inc. v. True View Surgery Ctr., L.P.*, 490 S.W.3d 562, 566 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (citing *Gaines v. Kelly*, 235 S.W.3d 179, 182 (Tex. 2007)). In determining an agent's apparent authority, only the principal's conduct is relevant. *Gaines,* 235 S.W.3d at 182. "Thus, to determine an agent's apparent authority we examine the conduct of the principal and the reasonableness of the third party's assumptions about authority." *Id.* at 183. "The relevant issue is not merely the existence of an agency relationship, but rather the scope of that agency." *Amerigroup*, 490 S.W.3d at 566 (quoting *Gaines,* 235 S.W.3d at 184).

Viewing the evidence in the light most favorable to TVO, we conclude TVO has raised a fact issue regarding whether Russell Vandenburg had actual or apparent authority to bind TVO, and thus summary judgment on ASI's breach of contract claim was improperly granted. David Vandenburg's testimony raises a fact issue as to whether Russell Vandenburg had actual authority to borrow money on TVO's behalf. And though ASI claims Russell Vandenburg had apparent authority to act on TVO's behalf, its arguments focused solely on Russell Vandenburg's actions,

16

not TVO's. In other words, ASI makes no allegations regarding the principal's conduct, which is the only "relevant" conduct in determining an agent's apparent authority. *Gaines,* 235 S.W.3d at 182. ASI thus did not carry its burden to prove Russell Vandenburg had apparent authority to bind TVO.

Further, while ASI proffered evidence that it deposited $365,000 in TVO Management Services' bank account, and Hawkins testified TVO Management Services served as the banking agent for TVO, ASI did not conclusively establish that TVO received its loaned funds. While Russell Vandenburg stated the funds were used to pay a contractor, David Vandenburg testified TVO never in fact received the loaned money from ASI. Again, viewing the evidence in the light most favorable to TVO and resolving all doubts in its favor, TVO has raised a fact issue regarding whether it received funds from ASI, and thus summary judgment on ASI's unjust enrichment and conversion claims was improperly granted. *See Houle v. Casillas*, 594 S.W.3d 524, 554 (Tex. App.—El Paso 2019, no pet.) ("A person is unjustly enriched when he obtains a benefit from another by fraud, duress, or the taking of an undue advantage."); *Vibbert v. PAR, Inc.*, 224 S.W.3d 317, 321 (Tex. App.—El Paso 2006, no pet.) ("To establish a claim for conversion of personal property, a plaintiff must prove that . . . the defendant unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner . . . .").

Issue Four is sustained.

## CONCLUSION

We reverse the trial court's orders granting ASI's default judgment and denying Windy Cities, KLV, and Wayne Vandenburg's motion for new trial. We also reverse the trial court's order

17

granting ASI's motion for summary judgment against TVO. We remand the case for further proceedings consistent with this opinion.

YVONNE T. RODRIGUEZ, Chief Justice

October 27, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.